Williams, C. J.
This case is here on appeal from the common pleas court. It is submitted to the court under an agreement of the parties, through their counsel, that the same decree shall be entered *101 as was rendered in the common pleas court, unless this court shall find from the evidence given here that the plaintiff is entitled to the further relief of an injunction to restrain the defendant from carrying local freights over what is known as the Newark Division, between Columbus and Newark, under section 18 of the contract of January, 1865. That section reads as follows:
“ Sec, 18. The local freight business from and to Newark and Columbus, with stations on the line of said road between these points, to be done by the Central Ohio Railroad Company.”
It appears in this case that this road originally belonged to the Central Ohio Railroad Company, and that afterwards, by a judicial sale, an undivided interest was sold and conveyed to the Steubenville and Indiana Railroad Company, and that the plaintiff, the Baltimore and Ohio Railroad Company, is the successor by way of lease to the undivided interest of the Central Ohio Railroad Company, and the defendant is the successor of the Steubenville and Indiana Railroad Company, and the plaintiff and defendant, as such successors add lessees, are and have been in the joint use and occupancy of said road.
It is claimed by the plaintiff that such joint use and occupancy, so far as this question is concerned, is governed by said section 13 of the contract of 1865, made between the predecessors of these roads, and that under said section the plaintiff has the exclusive right to carry freight over said road and receive pay therefor. The plaintiff claims that this right not only exists by virtue of original section 13 of that contract, but that the defendant is estopped from controverting that right by reason of a decree which was entered in the circuit court of the United States, in a case between these same parties, in which it is claimed that it was judicially determined that this section 13 was in full force and a binding contract between these two parties.
The defendant, on the other hand, claims that section 13 is not the contract which controls the rights of the parties, but that it has been modified repeatedly as between these two parties, so as to authorize the defendant to carry its local freight and receive its share of the proceeds of the traffic, at *102 least the proceeds of whatever freight is carried by the defend'ant’s company.
An examination of the record in this case, in the United States circuit court, shows that:
“ As to all questions touching said local freight traffic or matter, and the rights and liabilities of the parties,or either of them, in relation thereto, no determination or judgment is entered in this action; but the same remain without prejudice for adjustment in any other action, or other disposition by the parties.” We are therefore satisfied that there is no estoppel by reason of that judgment. It is as much within the power of a court to reserve and save the rights of parties with reference to a subject matter, and in that case the decree expressly reserves and saves whatever rights each of these companies may have with reference to this question of local freights, and abstains from any judicial determination of what their rights and liabilities are; and the effect and operation cannot be given to the whole of this decree without giving effect to that rerervation. The rights of the parties then remain unaffected, so far as the local freight traffic is concerned, by this decree of the Circuit Court of the United States.
The defendant claims that the 13th section of the contract was so modified in 1872 as to authorize each of said companies to carry local freight, and for each to receive the proceeds of such traffic done by it. The defendant also claims that the original contract in that respect is void for want of corporate power in the contracting parties to make the same, and because it is against public policy.
The disposition of the case, in the view taken of it by the court, does not make it necessary to finally decide either of these questions.
We have no doubt of the power of the court, upon a proper showing to restrain and control the conduct of these two corporations as. intimated in the 38 O. S.
In the case of Stewart against the Little Miami Railroad Company, 14 Ohio, 353, the supreme court furnish a rule which we think we are safe in adopting as a guide in this case. In that case they say : “ The power to grant writs of injunction is one of the extraordinary powers of a court of chancery, *103 and should only be exercised in cases like this, to prevent injuries which would otherwise be irreparable, or where the magnitude of the injury to be dreaded is so great, and the risk so. imminent, that no prudent person would think of incurring it. When the complainant’s right is doubtful, or an action at law or in chancery prosecuted in the ordinary mode will afford adequate redress, an injunction should be refused.” Indeed, this is substantially embodied in our legislation.
Now, no evidence has been given in this case to show that the defendant is irresponsible, or unable to respond in any amount due or that became due the plaintiff for carrying such unauthorized traffic; or to respond to a proper accounting in that behalf. Nor is any evidence given which shows that any difficulties exist in ai’riving at what would be a just account, or a fair compensation for any violation of the contract. Nor is there any evidence to show that any obstruction or interference is likely to result in the legitimate use of the road by the plaintiff that will cause great or irreparable injury to it. Nor that the public interests, in the speedy, prompt and cheap transportation of freight, are liable to suffer or be injuriously affected. It is submitted solely on the evidence relating to the terms and validity of the contract, and that defendant has been transporting local freight as well as plaintiff. It does not sufficiently appear from this evidence, even admitting the contract to be as claimed by the plaintiff, that such irreparaable injury is imminent, or the danger and risk so great that no prudent person would think of incurring it. Indeed, looking to the past conduct of the parties, quite the contrary appears. It is admitted that for ten years before and up to the commencement of this suit, namely, from 1872 to 1882, the defendant has, with the acquiescence at least of the plaintiff, been carrying local freight, and is now doing no more than it has been during that period. For ten years the plaintiff has not regarded such joint use an irreparable injury. The plaintiff, we may assume, is and has been a prudently managed corporation, with prudent officials, watchful of its interests; for ten years it has not regarded the carrying of local freight by the defendant an injury of such magnitude, or a risk so imminent, *104 that no prudent person would think of incurring it. The conduct of the plaintiff stands to us in the light of an admission to the contrary. Such joint use and operation of the road, whereby each company was, during all this period, permitted to carry local freight and collect the proceeds of said traffic, must have resulted from one of three causes : either :
J. H. Collins, for plaintiff in error.
O. H. Olds and L. J. Critchfield, for defendant 'in error.
1. There must have been a modification of the contract for a sufficient consideration, as claimed by the defendant, in which case plaintiff would not be entitled to an injunction; or,
2. That the plaintiff considered such joint use of the road unimportant to it, and in such case the remedy by injunction is not proper; or,
3. It must have considered section 13 of the contract inequitable and unjust to the defendant, as the evidence tends to show, and if such it be, the plaintiff should not ask a court of equity now to interfere by injunction.
The court the more readily comes to the conclusion it has reached that the injunction asked for should be denied, from the fact that the absence of proof showing such threatened injury as brings the case within the rule, is supplemented by the tacit admission of the plaintiff that it is not, by its course of conduct, which does not admit of any other satisfactory interpretation.
The same decree will, therefore, be entered in this case as was entered in the court of common pleas.
An inquiry being made by counsel as to the disposition of the costs, the court said:
The defendant appeals in this case, and I suppose the same judgment as to costs ought to be entered here as was entered in the lower court. I see no reason why it should not be.