**CRESTMONT CLEVELAND PARTNERSHIP, Appellant,**

v.

**OHIO DEPARTMENT OF HEALTH et al., Appellees.**

[Cite as *Crestmont Cleveland Partnership v. Ohio Dept. of Health* (2000), 139 Ohio App.3d 928.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 00AP–180.

Decided Sept. 28, 2000.

930

*Geoffrey E. Webster* and *J. Randall Richards,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Dennis G. Nealon,* Assistant Attorney General, for appellees.

Brown, Judge.

Crestmont Cleveland Partnership, plaintiff-appellant, appeals a judgment of the Franklin County Court of Common Pleas granting the motion to dismiss filed by defendants-appellees, the Ohio Department of Health ("ODH") and William Ryan, the former director of ODH (now Director J. Nick Baird, M.D.).

Appellant owns the following five nursing homes in the Cleveland and Lorain County areas: Willow Park, Palm Crest Bellaire, Palm Crest East, Palm Crest West, and Sensi–Care. Appellant also owns a Certificate of Need ("CON") for each of the nursing homes. CONs represent certain rights to operate long-term care beds in Ohio and are issued and regulated by appellees. CONs may be bought and sold. Each of the nursing homes are leased and operated by parties unrelated to appellant. The leases acknowledge that the CONs for each home are the property of appellant and forbid the lessees from selling, conveying, or assigning the CONs without the permission of appellant.

Appellant maintains that appellees have, in the past, granted CONs in violation of the rights of owners. It also claims in its complaint that there has been litigation between other parties as a result of claims by each that they possess the same rights under their respective CONs. Appellant wishes to be able to assure others that it is, in fact, the owner of its CONs; however, appellees have never issued any document stating such.

On April 6, 1998, appellant filed this action against appellees and other non-state defendants seeking declaratory and injunctive relief declaring that it owns the CONs for the Willow Park nursing home and prohibiting appellees from changing the ownership of the Willow Park CONs. On April 24, 1998, the non-state defendants filed a motion to dismiss on the grounds that the Cuyahoga County Court of Common Pleas had exclusive jurisdiction over the subject matter of the complaint pursuant to the jurisdictional priority rule. On May 11, 1998, appellees filed a motion to dismiss on the grounds that appellant lacked standing to pursue the action, that appellant failed to exhaust administrative remedies, and that appellant failed to state a claim upon which relief could be granted. On June 12, 1998, the trial court granted the non-state defendants' motion to dismiss and denied as moot appellees' motion to dismiss. Therefore, the trial court dismissed the entire action as to both appellees and the non-state defendants.

Appellant appealed the trial court's decision. Appellees did not participate in those appellate proceedings through pleadings, cross-assignments of error, or otherwise. In *Crestmont Cleveland Partnership v. Ohio Dept. of Health* (Sept. 9, 1999), Franklin App. No. 98AP–1272, unreported, 1999 WL 694742, we affirmed the trial court's dismissal of appellant's complaint as to the non-state defendants

but found that the trial court erred in dismissing this claim under the jurisdictional priority rule with regard to appellees.

On remand, appellees filed another motion to dismiss. While the motion was pending, on January 27, 2000, appellant filed an amended complaint to include injunctive relief regarding the four other nursing homes in addition to Willow Park. On January 28, 2000, the trial court rendered a decision granting the dismissal of the amended complaint. The trial court's decision was filed on February 1, 2000. Appellant appeals the trial court's decision, asserting the following three assignments of error:

"Assignment of Error No. 1:

"The trial court erred in permitting appellees to refile their motion to dismiss upon remand when the court had previously denied that motion and appellees failed to appeal that decision in the first appeal.

"Assignment of Error No. 2:

"The trial court erred in granting a motion to dismiss which, in light of appellant's amended complaint, was no longer applicable.

"Assignment of Error No. 3:

"The trial court erred as a matter of law in granting appellees' motion to dismiss."

Appellant argues in its first assignment of error that the trial court erred in permitting appellees to refile their motion to dismiss upon remand when the court had previously denied that motion and appellees failed to appeal that decision. Specifically, appellant asserts that the trial court erred for three reasons: (1) appellees are barred by Civ.R. 12(G) and (H) from filing successive Civ.R. 12(B) motions to dismiss, (2) appellees are barred by the doctrine of *res judicata* from filing successive motions to dismiss, and (3) the lower court incorrectly applied the doctrine of the law of the case to this matter.

■ With regard to *res judicata*, the Supreme Court of Ohio explained: "A valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 653 N.E.2d 226, syllabus. Where a judgment is rendered on grounds not involving the merits of the case, that judgment cannot be used as a basis for the defense of *res judicata*. *McGatrick v. Wason* (1855), 4 Ohio St. 566, 1855 WL 98; see, also, *Hodge v. Hoover Co.* (Aug. 5, 1985), Stark App. No. CA–6618, unreported, 1985 WL 6470. In the present case, as to the first motion to dismiss, there was never a final judgment rendered upon the merits. The trial court found in its September 25, 1998 judgment that "defendant Ryan and ODH's Motion to

Dismiss is hereby DENIED as moot, and this action is hereby DISMISSED." Therefore, because the trial court found the first motion moot, there was no judgment on the merits of appellees' motion to dismiss, and appellees' second motion to dismiss was not precluded by *res judicata*.

■ Likewise, Civ.R. 12(G) and (H) do not prohibit the filing of the two motions to dismiss under the circumstances of this case. Civ.R. 12(G) and (H), in general, prohibit the filing of successive motions under Civ.R. 12(B). The trial court's finding that the initial motion to dismiss was moot and its failure to rule on the merits renders Civ.R. 12(G) and (H) inapplicable. Appellant points to no authority to support its contrary interpretation of Civ.R. 12(G).

■ Appellant also argues that the law of the case precludes appellees' second motion. As it is most frequently applied, the doctrine of the law of the case provides that a decision of a reviewing court remains the law for that case as to all relevant legal questions in subsequent proceedings, both at trial and appellate levels. *N. Olmsted v. Eliza Jennings, Inc.* (1993), 91 Ohio App.3d 173, 631 N.E.2d 1130; *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 11 OBR 1, 462 N.E.2d 410. There is also a " 'less common * * * aspect of the law of the case doctrine, under which courts may give preclusive effect to a ruling that could have been appealed, but has been abandoned by a failure to do so.' " *Clymer v. Clymer* (Sept. 26, 1995), Franklin App. No. 95APF02–239, unreported, 1995 WL 571445, quoting *In re DOE Stripper Well Exemption Litig.* (D.Kan.1993), 821 F.Supp. 1432, 1434; see, also, *Hubbard ex rel. Creed v. Sauline* (1996), 74 Ohio St.3d 402, 404–405, 659 N.E.2d 781, 783–784.

■ Although appellant claims that the trial court should have denied the second motion to dismiss because appellees could have litigated those issues in the first appeal by way of cross-assignment of error, we disagree. Courts have held that a trial court should not apply the doctrine of the law of the case when the appellate court makes conclusions relating to issues that were not decided originally by the trial court. *State ex rel. Lee v. Trumbull Cty. Probate Court* (Sept. 17, 1999), Trumbull App. No. 97–T–0150, unreported, 1999 WL 744032; *Orrville Products, Inc. v. MPI, Inc.* (June 9, 1994), Cuyahoga App. No. 65184, unreported, 1994 WL 258631 (parties should not be foreclosed from having an opportunity to try issues not fully litigated in the lower court or issues upon which the lower court never made an express finding). In the present case, if in the first appeal we would have ruled upon the issues contained in appellees' original motion to dismiss, we would have been, in effect, determining appellees' motion to dismiss *de novo* because the trial court never made a finding as to this motion or the issues contained therein. Thus, we would have usurped the power of the trial court's duty to consider the motion and issues.

 Further, we have stated before that it is well established that a reviewing court will not ordinarily address issues that were not tried by the trial court. *State ex rel. Pitz v. Columbus* (1988), 56 Ohio App.3d 37, 45, 564 N.E.2d 1081, 1089. Appellate courts also do not address issues that the trial court declined to consider. *Oakwood v. Clark Oil & Refining Corp.* (1986), 33 Ohio App.3d 180, 183–184, 515 N.E.2d 1, 4; *Bowen v. Kil–Kare, Inc.* (1992), 63 Ohio St.3d 84, 89, 585 N.E.2d 384, 389–390 (where a trial court declines to consider one of the arguments raised in support of a motion, but granted the motion solely on the basis of a second argument, the first argument is not properly before the court of appeals). In such a situation, the appellate court should reserve judgment until such time as the undecided issues are considered by the trial court and that decision is appealed. *Warner v. Uptown–Downtown Bar* (Dec. 20, 1996), Wood App. No. WD–96–024, unreported, 1996 WL 748181. Thus, in the present case, because the trial court found appellees' motion to dismiss moot and never addressed the grounds contained therein, this court would have been precluded from considering those issues for the first time. Therefore, the trial court did not err in considering appellees' second motion to dismiss and appellant's first assignment of error is overruled.

 Appellant argues in its second assignment of error that the trial court erred in granting the second motion to dismiss because it was no longer applicable in light of appellant's amended complaint. Appellant asserts that the amended complaint materially altered the scope of the action against appellees. We disagree.

Appellant asserts that the difference between the two complaints is that the original complaint sought injunctive relief with regard to only Willow Park, while the amended complaint sought injunctive relief with regard to its other four facilities in addition to Willow Park. However, we find that this is a distinction without a difference. In appellant's brief, appellant explained the relief being sought by the original complaint as follows:

"[T]he original complaint concerned only the Willow Park facility and requested an injunction prohibiting Appellees from changing the ownership of the CON associated with that facility or from issuing a CON for those beds to a party other than [appellant]."

Appellant explained the relief being sought by the amended complaint as follows:

"Not only does the amended complaint seek injunctive relief as before with respect to the CON associated with Willow Park, but it also seeks the same injunctive relief with respect to the CONs associated with four other leased facilities owned by [appellant] in Cleveland and Loran County * * *. The

amended complaint sought an injunction prohibiting Appellees from changing the ownership of each of those facility's [*sic* ] CONs or from issuing a new CON for any of those facilities' beds to a party other than [appellant]."

Thus, even appellant recognizes that both complaints seek the same relief—the only difference being that the amended complaint seeks the same relief with regard to four additional entities. Appellant fails to explain why the theories that appellees argued in the motion to dismiss do not apply equally to all five nursing homes. Therefore, the relief requested in both complaints was the same, and the crux of appellees' argument in its motion to dismiss applied to both the original complaint and the amended complaint.

We also find appellant's claim that the trial court did not consider its amended complaint in making its determination unpersuasive. Although some of the language in the decision referred only to Willow Park, and not the other four entities added by the amended complaint, the trial court specifically stated in its decision that it had considered the amended complaint. We find no reason to believe otherwise. Although we believe the better course for the trial court would have been to allow appellees to file an amended motion to dismiss before ruling, we find that the motion to dismiss was applicable to both the original complaint and the amended complaint, and that the trial court did not err in finding such. Appellant's second assignment of error is overruled.

 Appellant argues in its third assignment of error that the trial court erred in granting appellees' motion to dismiss. Appellate review of a trial court's decision to dismiss a case pursuant to Civ.R. 12(B)(1) and (B)(6) is *de novo.* *Shockey v. Fouty* (1995), 106 Ohio App.3d 420, 424, 666 N.E.2d 304, 306 (Civ.R.12[B][1] ); *Hunt v. Marksman Prod., Div. of S/R Industries, Inc.* (1995), 101 Ohio App.3d 760, 762, 656 N.E.2d 726, 727–728 (Civ.R.12[B][6] ). To dismiss a complaint under Civ.R. 12(B)(1), we must determine whether a plaintiff has alleged any cause of action that the court has authority to decide. *McHenry v. Indus. Comm.* (1990), 68 Ohio App.3d 56, 62, 587 N.E.2d 414, 418–419. Dismissal of a claim pursuant to Civ.R. 12(B)(6) is appropriate only where it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, syllabus.

 Appellees first claim that appellant lacks standing for injunctive relief. The relevant inquiry to analyze standing for injunctive relief focuses on whether the injunction sought would provide the appellant with some tangible good, *i.e.,* whether he has some "personal stake" in the injunction being granted. See *Ottawa Cty. Bd. of Commrs. v. Marblehead* (1995), 102 Ohio App.3d 306, 316, 657 N.E.2d 287, 292–293. In order to have a personal stake in the injunction

being granted, appellant must prove, by clear and convincing evidence, that irreparable injury has been done or that the threat of injury is immediate and impending. *Younker v. Nationwide Mut. Ins. Co.* (1961), 18 O.O.2d 381, 176 N.E.2d 465, reversed on other grounds (1963) 175 Ohio St. 1, 23 O.O.2d 285, 191 N.E.2d 145, *Baltimore & Ohio RR. Co. v. Pittsburgh, Cincinnati & St. Louis RR. Co.* (1885), 1 Ohio C.C. 100, 1 Ohio C.D. 60, 1885 WL 3734.

In the present case, appellant cannot demonstrate that the threat of injury is immediate and impending. Appellant fails to allege that appellees are preparing or in the process of issuing a CON to any other party or that any application by a third party is pending with regard to their own CONs. Appellant's only "evidence" to support its assertion that there is an immediate threat is a copy of a complaint recently filed in an unrelated case between unrelated private parties, claiming fraud, breach of contract, bad faith, conspiracy, and malice. Even if such evidence were properly before us, that case bears no relevancy to the current issues. Although it may serve as an example of what *could* happen to appellant at some point in the indefinite future, if at all, it is far too tenuous and speculative to demonstrate that appellant currently faces the same immediate threat or impending threat. Therefore, we find appellant lacks standing, and the trial court did not err in finding such. Appellant's third assignment of error is overruled.

For the reasons set forth above, we find that the trial court did not err in dismissing appellant's action against appellees. Accordingly, we overrule appellant's three assignments of error, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

TYACK and DESHLER, JJ., concur.