BRETHAUER, Appellant,

,v.

FEDERAL EXPRESS CORPORATION et al., Appellees.

[Cite as *Brethauer v. Fed. Express Corp.* (2001), 143 Ohio App.3d 411.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 00AP–759.

Decided May 29, 2001.

*Michael J. Muldoon,* for appellant.

*Scott, Scriven & Wahoff, LLP,* and *Timothy E. Cowans,* for appellee Federal Express Corporation.

*Betty D. Montgomery,* Attorney General, and *Gerald H. Waterman,* for appellee Bureau of Workers' Compensation.

---

KENNEDY, Judge.

Plaintiff-appellant, Linda L. Brethauer, appeals the judgment of the Franklin County Court of Common Pleas dismissing her appeal of an Industrial Commis-

sion order denying her request that workers' compensation funds cover her breast reduction surgery.

Appellant sustained work-related injuries to her back on November 1, 1996, while employed with defendant-appellee, Federal Express Corporation. Thereafter, appellant filed a claim for benefits with appellee, Administrator of the Bureau of Workers' Compensation. The back injury claim was ultimately allowed.

On November 20, 1998, after having breast reduction surgery, appellant filed an administrative motion seeking breast reduction surgery as an additional condition in her back injury claim. A district hearing officer denied appellant's motion. The motion was also denied through administrative appeals to the staff hearing officer and the Industrial Commission. Appellant proceeded to appeal the Industrial Commission's final order by filing a notice of appeal to the trial court and setting forth the basis of her appeal through a complaint. Appellees filed motions to dismiss appellant's appeal for lack of subject-matter jurisdiction, pursuant to Civ.R. 12(B)(1). The trial court granted appellees' motions and dismissed appellant's appeal.

Appellant appeals the trial court's decision, raising one assignment of error:

"The trial court erred in dismissing the plaintiff's complaint pursuant to Ohio Civil Procedure Rule 12(B)(1) as the issue before the trial court was the right to participate in the Workers' Compensation Act. Pursuant to *Zavatsky v. Stringer* (1978) [56 Ohio St.2d 386, 10 O.O.3d 503, 384 N.E.2d 693], the right to participate issue is clearly appealable to the court of common pleas pursuant to Ohio Revised Code 4123.512."

In her single assignment of error, appellant contends that the trial court erred in dismissing her appeal for lack of subject matter-jurisdiction. We disagree.

After a party files a Civ.R. 12(B)(1) motion to dismiss, the trial court must determine whether the complaint contains allegations of a cause of action that the trial court has authority to decide. *Crestmont Cleveland Partnership v. Ohio Dept. of Health* (2000), 139 Ohio App.3d 928, 936, 746 N.E.2d 222, 227–228. The Ohio Supreme Court has further noted that the "trial court is not confined to the allegations of the complaint when determining its subject-matter jurisdiction pursuant to a Civ.R. 12(B)(1) motion to dismiss, and it may consider material pertinent to such inquiry." *Southgate Dev. Corp. v. Columbia Gas Transmission Corp.* (1976), 48 Ohio St.2d 211, 2 O.O.3d 393, 358 N.E.2d 526, paragraph one of the syllabus. We apply *de novo* review to the trial court's decision on a motion to dismiss for lack of subject-matter jurisdiction. *Crestmont Cleveland Partnership*, at 936, 746 N.E.2d at 227–228.

As noted above, appellant appealed the Industrial Commission's order to the trial court.  Under R.C. 4123.512, claimants and employers can appeal Industrial Commission orders to the trial court only when the order grants or denies the claimant's right to participate.  *State ex rel. Liposchak v. Indus. Comm.* (2000), 90 Ohio St.3d 276, 278, 737 N.E.2d 519, 522.  Determinations as to the extent of a claimant's disability are not appealable and must be challenged in mandamus.  *Id.* at 278–279, 737 N.E.2d at 522–523.

Here, appellant contends that her request for funds to cover breast reduction surgery concerns a right-to-participate issue.  In her brief, appellant asserts that the breast reduction surgery was needed because her former breast size was delaying the recovery of her back injury.  In support of her contention that her request concerns a right to participate issue, appellant relies on *Zavatsky v. Stringer* (1978), 56 Ohio St.2d 386, 10 O.O.3d 503, 384 N.E.2d 693, where the Ohio Supreme Court stated:

"An order of the Industrial Commission, which either denies or allows a claimant the right to participate in the Workers' Compensation Fund for injury to a specific part or parts of the body involving loss or impairment of bodily functions on the basis that such was or was not the result of a compensable injury, is a decision other than one as to the extent of disability and, thus, * * * may be appealed to the Court of Common Pleas * * *."  *Id.,* at paragraph one of the syllabus.

Appellant contends that her request for breast reduction surgery funding concerns a right-to-participate issue under *Zavatsky* because she is asking that "a specific part or parts of [her] body" be included in her claim.  However, the Ohio Supreme Court has recently expounded on the definition of the right to participate and held that "[t]he only right-to-participate question that is appealable is whether an employee's injury, disease, or death occurred in the course of and arising out of his or her employment."  *Liposchak,* 90 Ohio St.3d at 279, 737 N.E.2d at 522.

Here, when appellant filed her complaint, she was required to plead all facts in support of her appeal, including pertinent jurisdictional facts.  See R.C. 4123.512; *Robinson v. B.O.C. Group, Gen. Motors Corp.* (1998), 81 Ohio St.3d 361, 366, 691 N.E.2d 667, 671.  While appellant made general allegations asserting her right to participate in the Workers' Compensation Fund, she failed to specify the presence of a work-related injury or disease to her breasts.  In addition, the complaint makes no mention that appellant's breasts were injured or diseased as a result of her back injury.  Furthermore, the record is void of any other evidence indicating the presence of a work-related injury or disease to appellant's breasts.

Thus, under *Liposchak*, appellant's request for funds to cover her breast reduction surgery does not concern an appealable, right-to-participate issue; instead, the proper procedure would be a mandamus action. Accordingly, the trial court did not err in dismissing appellant's appeal for lack of subject-matter jurisdiction. As such, we overrule appellant's single assignment of error and affirm the judgment of the trial court.

*Judgment affirmed.*

PEGGY BRYANT, P.J., and DESHLER, J., concur.