While I concur with the majority's resolution of appellant's first assignment of error, I respectfully dissent in the majority's resolution of appellant's second assignment of error only as it relates to stating a claim for breach of contract relating to placement in the proper category pursuant to the OAPA guidelines.
Appellant alleges in his complaint that under the revised parole guidelines, he was placed in a category for an offense that was higher or more serious than the level for the offense to which he had entered a plea of guilty, constituting a breach of contract.
Dismissal of a complaint for failure to state a claim pursuant to Civ.R. 12(B)(6) is appropriate only where it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. Crestmont Cleveland Partnership v. Ohio Dept. of Health (2000),139 Ohio App.3d 928, 936. Appellate review of a trial court's decision to dismiss a complaint pursuant to Civ.R. 12(B)(6) is de novo. Id. The court, in construing a complaint where a motion to dismiss for failure to state a claim has been filed, must presume the factual allegations in the complaint are true and make all reasonable inferences in the nonmoving party's favor. Aust v. Ohio State Dental Bd. (2000), 136 Ohio App.3d 677,681.
Appellant alleges he entered into a contract with the state of Ohio by entering into a plea agreement. Plaintiff has no constitutional, statutory or inherent right to parole. State ex rel. Miller v. Leonard (2000), 88 Ohio St.3d 46, 47; State ex rel. Hattie v. Goldhardt (1994),69 Ohio St.3d 123, 125; Dozier v. Ohio Adult Parole Auth. (Mar. 30, 2000), Franklin App. No. 99AP-893. However, when the OAPA begins its decision-making process, inmates should be placed in the appropriate offense seriousness category and guideline range based on the crime of conviction according to the plea agreement. Lee v. Ohio Adult Parole Auth. (Aug. 31, 2001), Montgomery App. No. 18833, following Randolph v. Ohio Adult Parole Auth. (Jan. 21, 2000), Miami App. No. 99 CA 17. After placement in the proper category, the OAPA may then have absolute discretion in deciding whether parole should be granted taking into consideration the circumstances surrounding the offense and considering whether appellant could have been convicted of a more serious crime but for his plea.
Assuming the facts alleged in the complaint to be true, I cannot conclude that appellant can prove no set of facts entitling him to relief. I would reverse and remand for further proceedings as to this issue.