OPINION
This is an appeal from the judgment of the Crawford County Court of Common Pleas which dismissed the complaint of Plaintiff-appellant, Kenneth Wilson (Wilson) against Defendant-Appellees, Charles Hardy, State Public Defender, and the State of Ohio (referred to jointly as Ohio), for lack of subject matter jurisdiction.
On October 22, 2001, Wilson filed a complaint against Ohio alleging that Hardy had denied him access to the prison law library. In his complaint, Wilson demanded a writ of mandamus and compensatory and punitive damages. On November 21 2001, Ohio filed a motion to dismiss claiming that Wilson's claim could not be brought in common pleas court, rather the claims must be brought in the Court of Claims. On December 14, 2001, Wilson filed a motion to amend his complaint and an amended complaint, which included an assertion of a 42 U.S.C. § 1983 claim, however, this request was never granted nor denied. On February 15, 2001, the trial court filed a judgment entry dismissing Wilson's original complaint for lack of subject matter jurisdiction pursuant to R.C.2743.03(A). The judgment entry stated that the claims asserted by Wilson were required to be brought in the Court of Claims. The judgment entry did not address the amended complaint or the 1983 claim.
Wilson now appeals, asserting two assignments of error, which will be discussed together. (1) "The trial court erred to the prejudice of the plaintiff-appellant when it adopted the Defendant-appellees' argument that such claims are only recognizable in the court of claims." (2) "The trial court erred to the prejudice of the Plaintiff-appellant when it assessed costs against him."
In reviewing a trial court's decision on a motion to dismiss for lack of subject matter jurisdiction, a court of appeals applies de novo review. Brethauer v. Fed. Express Corp. (2001), 143 Ohio App.3d 411.
Civ.R. 15(A) provides that "[a] party may amend his pleading once as a matter of course at any time before a responsive pleading is served * * *." "Under the Rules of Civil Procedure, a motion to dismiss is not a responsive pleading, and a party can amend his or her complaint as a matter of course even after a motion to dismiss has been filed." Stateex rel. Grendell v. Davidson State (1999), 86 Ohio St.3d 629, 631; (citing ex rel. Hanson v. Guernsey Cty. Bd. of Commrs. (1992),65 Ohio St.3d 545, 549).
In this case, Wilson filed his original complaint on October 22, 2001, Ohio filed its motion to dismiss on November 21, 2001, Wilson filed its amended pleading on December 14, 2001 and the trial court dismissed the case on February 15, 2002. As Ohio never filed a responsive pleading, Wilson was free to amend his complaint to include an action based on42 U.S.C. § 1983 without the permission of the trial court as a matter of course. Furthermore, federal 1983 actions are properly brought in the court of common pleas. Hogan v. Ghee (1999), 85 Ohio St.3d 150,151; Mullins v. Moore, R.N. (Jan. 22, 1992), Allen App. No. 1-90-67. Accordingly, the trial court erred when it dismissed Wilson's original complaint for lack of subject matter jurisdiction, without considering the amended complaint. As the complaint should not have been dismissed in this manner, the assessment of costs to the Plaintiff was also in error. See Civ.R. 54(D). Consequently, and to this extent only, Wilson's two assignments of error are sustained and the judgment of the trial court is reversed and remanded for further proceedings in accordance with the law.
Judgment reversed and cause remanded.
BRYANT and HADLEY, JJ., concur.