JOURNAL ENTRY AND OPINION
Appellant, Rita Mertle, appeals the judgment of the Cuyahoga County Court of Common Pleas dismissing her appeal of the denial of her claim for R.C. 4123.59 dependency benefits. Because the trial court's order dismissing appellant's appeal was not a final appealable order, we dismiss for lack of jurisdiction.
On June 16, 1998, appellant's brother, William Mertle, died as the result of injuries sustained in the course of and arising out of his employment with appellee, Tradesmen International, Inc. Appellant subsequently filed a claim with the Ohio Industrial Commission seeking partial death dependency benefits under R.C. 4123.59. In an order issued May 12, 2001, the Industrial Commission denied appellant's claim for dependency benefits.
Appellant sought judicial review of the Commission's dependency decision by filing a notice of appeal and complaint with the Court of Common Pleas pursuant to R.C. 4123.512. Tradesmen subsequently filed a Civ.R. 12(B)(1) motion to dismiss the complaint for lack of subject matter jurisdiction.
On January 1, 2002, the trial court granted appellee's motion to dismiss and entered the following order:
 Motion to dismiss is granted based upon the Ohio Supreme Court decision of State ex rel. Liposchak v. Industrial Commission (2000), 90 Ohio St.3d 276. Case dismissed without prejudice for lack of subject matter jurisdiction. Final.
Appellant timely appealed, raising three assignments of error for our review. In light of the trial court's order dismissing the case without prejudice, however, we must first decide a threshold jurisdictional issue.
Section 3(B)(2), Article IV of the Ohio Constitution, states that an appellate court shall have such jurisdiction as may be provided by law to review and affirm, modify or reverse judgments or final orders of the courts of record inferior to the court of appeals. To this end, R.C.2505.02 provides, in pertinent part:
 An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment[.]
In Bell v. Mt. Sinai Medical Center (1993), 67 Ohio St.3d 60, 63, the Supreme Court of Ohio noted that for purposes of R.C. 2505.02, an order which affects a substantial right has been perceived to be one which, if not immediately appealable, would foreclose appropriate relief in the future.
Here, the trial court's order dismissing appellant's complaint without prejudice did not affect appellant's right to seek judicial review of the Industrial Commission's order denying her claim for dependency benefits through a proper action in mandamus. Liposchak, supra at 279. Indeed, as this court has repeatedly stated, dismissal of an action without prejudice, whether voluntary or involuntary, dissolves all orders rendered by the trial court during the pendency of the action, Fant v. Bd. of Trustees Regional Transit Authority(Mar. 25, 1993), Cuyahoga App. No. 61932, leaving the parties in the same position as if the plaintiff had not commenced the action. Westerhaus v. Weintraut (Aug. 31, 1995), Cuyahoga App. No. 68605. Accordingly, because the trial court's dismissal without prejudice did not foreclose appropriate relief for appellant in the future, it is apparent that the order did not affect a substantial right that determined the action and prevented a judgment nor was the litigation brought to an end on the merits. Therefore, the order does not qualify as a final and appealable order under R.C. 2505.02. See, e.g., Liposchak v. Ohio Bur. of Workers' Comp. (2000), 138 Ohio App.3d 368, 376
(trial court order dismissing appellants' R.C. 4123.60 claims without prejudice subject to the filing of an action in mandamus not a final appealable order under R.C. 2505.02).
Lacking a final appealable order pursuant to R.C. 2505.02, we have no jurisdiction to consider appellant's assignments of error and, accordingly, this action must be dismissed.
Even if we were to reach the merits of appellant's appeal, we would be compelled to find that the trial court properly granted appellee's motion to dismiss for lack of subject matter jurisdiction.
R.C. 4123.512 declares appealable any Industrial Commission decision other than a decision as to the extent of disability. Determinations as to the extent of a claimant's disability are not appealable and must be challenged through an action in mandamus. Liposchak, supra at 279; State ex rel. Walls v. Indus. Comm. (2000), 90 Ohio St.3d 192, 195; Brethauer v. Federal Express Corp. (2001), 143 Ohio App.3d 411, 414; White v. Conrad (July 24, 2002), 9th Dist. No. 3287-M. See, also, Felty v. ATT Technologies, Inc. (1992), 65 Ohio St.3d 234, 237.
The Supreme Court of Ohio has narrowly interpreted R.C. 4123.512 to allow a party to appeal to the court of common pleas only those decisions involving a claimant's right to participate or continue to participate in the Workers' Compensation Fund. Thomas v. Conrad (1998), 81 Ohio St.3d 475,477, citing Afrates v. Lorain (1992), 63 Ohio St.3d 22, paragraph one of the syllabus. Right to participate issues concern whether an employee's injury, disease or death occurred in the course of and arising out of his or her employment. Liposchak, supra at 279. Any issue other than whether the injury, disease, or death resulted from employment does not constitute [an appealable] right to participate issue. Liposchak, supra at 280.
Dependency claims do not present any question regarding the causal connection between an employee's injury, disease or death and his or her employment. Rather, as specifically decided in Liposchak, the extent to which a claimant was dependent upon a deceased employee presents nothing more than the classic extent of disability question, i.e., how much the system must pay. Id. Thus, dependency issues do not invoke the basic right to participate in the workers' compensation system and, therefore, are not appealable to a common pleas court pursuant to R.C. 4123.512. Id. at 281.
Here, because appellant's appeal concerned dependency issues under R.C. 4123.59 and not the causal connection between her brother's death and his employment, the denial of her claim by the Industrial Commission was not appealable pursuant to R.C. 4123.512. The common pleas court was therefore without jurisdiction to hear the appeal and, accordingly, properly granted appellee's motion to dismiss.
Appeal dismissed.
This appeal is dismissed.
It is, therefore, ordered that appellee recover from appellant costs herein taxed.
It is ordered that a special mandate be sent to the Common Pleas Court directing said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, J. AND ANN DYKE, J. CONCUR.