[Cite as *Bullis v. Sun Healthcare Group*, 2012-Ohio-2112.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI   COUNTY

| | | |
|---|---|---|
| THOMAS BULLIS | : | |
| | : | Appellate Case No. 2011-CA-21 |
| Plaintiff-Appellant | : | |
| | : | Trial Court Case No. 11-CV-205 |
| v. | : | |
| | : | |
| SUN HEALTHCARE GROUP, | : | (Civil Appeal from |
| dba TROY CARE AND | : | Common Pleas Court) |
| REHABILITATION CENTER | : | |
| | : | |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 11th day of May, 2012.

. . . . . . . . . .

RICHARD B. REILING, Atty. Reg. #0066118, 5045 North Main Street, Suite 320-D, Dayton, Ohio 45415
       Attorney for Plaintiff-Appellant

MICHAEL J. REIDY, Atty. Reg. #0012603, Ross, Brittain & Schonberg Co., LPA, 6480 Rockside Woods Boulevard South, Suite 350, Cleveland, Ohio 44131
       Attorney for Defendant-Appellee

. . . . . . . . . . . .

FAIN, J.

## I.   Introduction

{¶ 1}     Plaintiff-appellant Thomas Bullis appeals from a judgment dismissing his

employer-intentional tort complaint for failure to state a claim. Bullis contends that the trial court erred in granting the motion to dismiss, because he properly pled his claims under R.C. 2745.01.

{¶ 2} We conclude that the trial court did not err in dismissing the complaint. Intentional tort claims against an employer must be stated with particularity. There is nothing in the facts pled, taken as true, that would establish that defendant-appellee Sun Healthcare acted with deliberate intent to cause an injury to Bullis. Accordingly, the judgment of the trial court is Affirmed.

## II. The Complaint

{¶ 3} According to the complaint, Bullis was employed by defendant-appellee Sun Healthcare Group dba Troy Care and Rehabilitation Center as a "STNA," which required Bullis to assist residents of the Center with daily living activities. Bullis alleged that in mid-March 2010, he tripped and fell after encountering a hole in the parking lot of the Center, and sustained a severe sprain and dislocation of his left ankle. Bullis further alleged that Sun Healthcare had actual knowledge of the condition in the parking lot before the fall, but failed to take any affirmative steps to correct the condition or to warn employees of its existence. Bullis also claimed that Sun Healthcare knew that he was subjected to the condition by virtue of his employment, and that harm to him was a substantial certainty.

{¶ 4} Sun Healthcare filed a motion to dismiss the complaint pursuant to Civ.R. 12(B)(6), contending that Bullis failed to meet the heightened threshold required under R.C. 2745.01. The trial court agreed, and dismissed the complaint. Bullis appeals from the

judgment dismissing his complaint against Sun Healthcare.

### III. Did the Trial Court Err in Granting the Motion to Dismiss?

{¶ 5}     Bullis's First Assignment of Error is as follows:

{¶ 6}  "THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION TO DISMISS."

{¶ 7}     Under this assignment of error, Bullis contends that his complaint was properly pled under R.C. 2745.01, because the requisite "intent" under R.C. 2745.01 is either the intent to injure or a belief that injury is substantially certain to occur.   Bullis argues that the trial court incorrectly concluded that his only allegation was that there was a hole in the parking lot that Sun Healthcare did nothing to correct.    Bullis maintains that he alleged that a dangerous condition existed, and that harm to Bullis and other employees was a substantial certainty.

{¶ 8}     The trial court noted that Bullis had used the operative "buzz words" in the complaint, but held that a plaintiff cannot merely use this type of language to extend the case into a summary judgment position.   Instead, a plaintiff must plead the facts with sufficient particularity to show that the employer intended the injury and that the employer knew the injury was substantially certain to occur.

{¶ 9}     In construing a complaint upon a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim, the trial court must presume that all the factual allegations of the complaint are true, and it must appear beyond doubt that the plaintiff can prove no set of facts warranting recovery.   *Johnson v. Hilltop Basic Resources, Inc.*, 2d Dist. Montgomery No.

97-CA-50, 1998 WL 321019, *3 (June 19, 1998), citing *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 532 N.E.2d 753 (1988), and *O'Brien v. Univ. Community Tenants Union*, 42 Ohio St.2d 242, 327 N.E.2d 753 (1975).

{¶ 10}  "Appellate review of a trial court's decision to dismiss a case pursuant to Civ.R. 12(B)(1) and (B)(6) is de novo."  (Citations omitted.)  *Crestmont Cleveland Partnership v. Ohio Dept. of Health*, 139 Ohio App.3d 928, 936, 746 N.E.2d 222 (10th Dist. 2000).

{¶ 11}  In *Mitchell*, 40 Ohio St.3d 190, 532 N.E.2d 753 (1988), the Supreme Court of Ohio held that:

A claim of intentional tort against an employer will be dismissed as failing to establish that the pleader is entitled to relief unless the complaint alleges facts showing that the employer:  (1) specifically desired to injure the employee; or (2) knew that injury to an employee was certain or substantially certain to result from the employer's act and, despite this knowledge, still proceeded.  *Id.* at syllabus.

{¶ 12}  In *Mitchell*, the court concluded that the complaint could not meet this standard, where it contained allegations that the employer's store contained no alarms, protective glass, cameras, or security devices, and that the employer had provided the employee with no training or instructions on handling violent situations.  The employee was fatally shot by an assailant while working alone at night in the employer's convenience store. *Id.* at 192.

{¶ 13}  Subsequently, in *Byrd v. Faber,* 57 Ohio St.3d 56, 565 N.E.2d 584 (1991),

the Supreme Court of Ohio observed that *Mitchell* had carved out "a heightened standard of review for Civ.R. 12(B)(6) motions in the intentional tort context," due to the "need to deter the number of baseless claims against employers, the importance of preventing every workplace injury from being converted into an intentional tort claim, and the goal of facilitating the efficient administration of justice * * * ." *Id*. at 60. Accordingly, "in order to survive a Civ.R. 12(B)(6) motion to dismiss, a plaintiff bringing an intentional tort claim against an employer must allege certain facts with particularity." *Id*. at 60-61.

{¶ 14} *Mitchell* relied on a common law definition of "substantial certainty." *Mitchell*, 40 Ohio St.3d 190, 191, 532 N.E.2d 753. There have been various changes in the intentional tort statutes after the decision in *Mitchell* was issued, but none have affected the heightened pleading requirement. Recently, the General Assembly enacted R.C. 2745.01, which provides, in pertinent part, as follows:

(A) In an action brought against an employer by an employee, or by the dependent survivors of a deceased employee, for damages resulting from an intentional tort committed by the employer during the course of employment, the employer shall not be liable unless the plaintiff proves that the employer committed the tortious act with the intent to injure another or with the belief that the injury was substantially certain to occur.

(B) As used in this section, "substantially certain" means that an employer acts with deliberate intent to cause an employee to suffer an injury, a disease, a condition, or death.

{¶ 15} The Supreme Court of Ohio upheld the constitutionality of R.C. 2745.01 in

*Kaminski v. Metal & Wire Prods. Co.,* 125 Ohio St.3d 250, 2010-Ohio-1027, 927 N.E.2d 1066, syllabus, and ¶ 101-102; and *Stetter v. R.J. Corman Derailment Servs., L.L.C.*, 125 Ohio St.3d 280, 2010-Ohio-1029, 927 N.E.2d 1092, ¶ 40-92. In *Stetter*, the court stressed that "* * * R.C. 2745.01 embodies the General Assembly's intent to significantly curtail an employee's access to common-law damages for what we will call a 'substantially certain' employer intentional tort." *Id.* at ¶ 27. The court indicated that the General Assembly had not eliminated the common law recovery for intentional tort, although it had significantly limited the ability to recover. *Id.* at ¶ 28.

{¶ 16}     Applying the heightened standard of review from *Mitchell*, we agree with the trial court that Bullis's complaint fails to state a claim for an intentional tort under R.C. 2745.01. There is simply nothing in the facts, taken as true, that would establish that Sun Healthcare acted with deliberate intent to cause an injury to Bullis. Accordingly, Bullis's sole assignment of error is overruled.

## IV.  Conclusion

{¶ 17}  Bullis's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . .

HALL, J., concurs.

FROELICH, J., dissenting:

{¶ 18} I agree with the majority that the legislature has increased the proof requirements for intentional tort claims by an employee against his or her employer; however,

despite the evidentiary difficulties which appear from a legally prescient reading of the complaint, we are not there yet.

{¶ 19}  R.C. 2945.01(A) says the employer may be liable if it committed the tortious act "with the belief that the injury was substantially certain to occur" and (B) defines "substantially certain" to mean that the employer "acts with deliberate intent to cause an employee to suffer an injury. . . ."  As *Stetter* held, these requirements "significantly curtail an employee's access to common law damages. . .[but have] not eliminated the common law recovery for intentional tort. . ."

{¶ 20}  This is a pleading case, not a proof case.  *Byrd* held that "greater specificity in pleading is required when a claim is brought against a religious institution for negligent hiring due to the myriad First Amendment problems which accompany such a claim."  *Byrd* at 61.  In doing so, the court analogized the "heightened standard of pleading" required in fraud and intentional torts claims.  Specifically, citing *Mitchell*, the court held that to survive a Civ.R. 12(B)(6) motion, the complaint must allege "facts showing that the employer. . .knew that injury to an employee was. . .substantially certain to result from the employer's act and despite this knowledge, still proceeded. . . ."  *Id*. at 61, fn. 2.

{¶ 21}  Pursuant to Civ.R. 12(B)(6), the following "factual allegations" in the complaint are presumed to be true:

> -Appellant (employee) was employed by Appellee (employer);
>
> -There was a hole in the employer's parking lot;
>
> -Employee was not aware of or warned of the hole;
>
> -Employer was aware of the hole, knew that it was dangerous

and had a duty to correct it, but purposely did not correct the hole or warn anyone, including the employee;

-Employer knew that employee would encounter the hole and that, when he did, harm to him was a substantial certainty;

-As a result of employer's actions or inactions, employee was injured.

{¶ 22} Civ.R. 8(A) requires a "short and plain statement of the claim showing the party is entitled to relief." The Supreme Court has held that there are heightened pleading requirements for fraud, intentional employer torts, and employment claims against religious institutions. However, I do not believe the Ohio Supreme Court has reverted to code pleading even in such claims.[1]

{¶ 23} It is certainly possible that the plaintiff could have pled more facts, e.g., what time of day was it, how wide and deep was the hole, what was its exact location in the parking lot, how long had the hole been there, was the hole somehow concealed or not readily apparent, what were the weather conditions, had the plaintiff taken the same path before, why was the plaintiff in the parking lot, had there been previous attempts to correct the problem, etc. . . .

{¶ 24} The appellee's brief says the "hole" was "a depression in the grass (most likely caused by a tire rut) next to the employer's paved parking lot." The trial court's

---

[1] See, for example, Thomas, The New Summary Judgment Motion, The Motion to Dismiss Under Iqbal and Twombly, 14 Lewis & Clark L.Rev. 15 (2010) (positing the narrowing of the standard for the motion to dismiss has "made the motion to dismiss the new summary judgment motion.")

decision finds "the employee was not required to continue working in an inherently dangerous environment; the plaintiff was not even working in this case, just walking across the parking lot."   All these facts may be true and, if so, would substantially diminish plaintiff's chances of prevailing on summary judgment, let alone at trial; however, they were not before the court on a 12(B)(6) motion and from the pleadings it does not "appear beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief."   I dissent.

, , , , , , , , , ,

Copies mailed to:

Richard B. Reiling
Michael J. Reidy
Hon. Robert J. Lindeman