[Cite as *Falconer v. Warrensville Hts. City School Dist. Bd. of Edn.*, 2023-Ohio-2068.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CHRISTOPHER FALCONER, :

    Plaintiff-Appellant, :

                         No. 112247

    v. :

WARRENSVILLE HEIGHTS CITY :
SCHOOL DISTRICT BOARD OF
EDUCATION, :

    Defendant-Appellee. :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 22, 2023

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-21-953394

---

### *Appearances:*

Kevin J. Breen Co., LLC, and Kevin J. Breen, *for appellant*.

Pepple & Waggoner, Ltd., Donna M. Andrew, and Daniel L. Lautar, *for appellee*.

FRANK DANIEL CELEBREZZE, III, J.:

{¶ 1} Appellant Christopher Falconer ("Falconer") challenges the decision of the Cuyahoga County Court of Common Pleas dismissing his complaint against appellee Warrensville Heights City School District Board of Education ("Board") for

lack of subject-matter jurisdiction.  After a thorough review of the applicable law and facts, we affirm the judgment of the trial court.

## I. Factual and Procedural History

{¶ 2} Falconer was hired by the Board as a school counselor under a one-year limited contract for the 2016-2017 school year.  At the time, Falconer possessed a five-year professional pupil services license, valid from July 1, 2013, through June 30, 2018.  In his position, Falconer was a member of the Warrensville Education Association ("WEA"), which is a collective bargaining unit under R.C. Chapter 4117 authorized to bargain with the Board over the wages, hours, and other terms and conditions of employment for its members.  The Board is party to a collective bargaining agreement ("CBA") with the WEA.

{¶ 3} On June 22, 2017, the Board renewed Falconer's employment for the 2017-2018 school year under a "Limited Teacher's Contract."  At the end of the school year, Falconer had not completed his student reports and was required to complete the work during the summer months before the next school year.  He alleges that the time he spent working on these reports was "extended time," which is provided for in Article X, Section 11 of the CBA ("The Board shall pay up to eight days of extended time to guidance counsellors at the per diem rate as approved by the Superintendent/designee.").  Falconer submitted time sheets showing that he worked on May 28, May 29, May 30, May 31, July 1, August 2, August 3, August 6, August 7, August 8, and August 9, 2018.

{¶ 4} In July 2018, the district human resource director, Kenya Hunt ("Hunt"), learned that Falconer's professional license had expired on June 30, 2018, and had not been renewed by Falconer. On July 10, 2018, Hunt warned Falconer via email that, pursuant to Ohio law, his license had to be renewed by the first day of the next school year.

{¶ 5} On July 23, 2018, Falconer's contract of employment was renewed for the 2018-2019 school year, effective August 1, 2018. The school year officially began on August 10, 2018. As of this date, Falconer still had not renewed his license. On August 10, 2018, Falconer was terminated via letter from Hunt stating that he was not eligible to serve as a guidance counselor under R.C. 3319.36 because he did not have a valid license/permit from the state of Ohio.

{¶ 6} Falconer maintained that Hunt was incorrect in making this determination because he had been issued a five-year professional pupil services license as of July 1, 2018, and advised Hunt of the same. Hunt told him that he could resign his position and have the opportunity to reapply, but would not be able to do so if he was terminated.

{¶ 7} Falconer resigned his position on August 10, 2018, and later reapplied. On August 19, 2018, Falconer was issued a renewed license that was backdated to July 1, 2018.

{¶ 8} The Board accepted Falconer's resignation on August 27, 2018. Prior to this, Falconer did not seek to withdraw or rescind his resignation.

{¶ 9} Falconer later filed an unfair labor practice ("ULP") charge with the State Employment Relations Board ("SERB") against the WEA alleging that (1) the WEA representative failed and refused to file or pursue a grievance of Falconer's termination of employment; and (2) the WEA failed to file a grievance relating to the Board's refusal to pay Falconer for work done in the summer months prior to his termination.

{¶ 10} Falconer did not file a grievance or charge against the Board. Instead, Falconer filed a complaint in common pleas court against the Board alleging claims of breach of employment contract, promissory estoppel, and unjust enrichment. He claimed that the Board breached his employment contract by unlawfully terminating him. His promissory estoppel and unjust enrichment claims arose from his allegation that the Board failed to pay him for the counseling services he provided during the summer of 2018 until his notice of termination.

{¶ 11} The Board moved to dismiss Falconer's complaint for lack of subject-matter jurisdiction, arguing that the claims asserted were exclusively subject to binding arbitration under R.C. 4117.10(A) and/or were subject to the exclusive jurisdiction of SERB. The Board alternatively moved for summary judgment on Falconer's claims, asserting that no genuine issues of material fact remained. Falconer filed a brief in opposition to the Board's motion.

{¶ 12} The trial court granted the Board's motion to dismiss, finding that Falconer's claims were governed by the CBA and that the only remedy available to him was through the appropriate grievance procedure.

{¶ 13} Falconer then filed the instant appeal, raising one assignment of error for our review:

> The trial court erred in its judgment entry of November 29, 2022, dismissing Falconer's complaint for lack of subject matter jurisdiction.

## II. Law and Analysis

{¶ 14} Our review of a trial court's decision to dismiss a case pursuant to Civ.R. 12(B)(1) is de novo. *Mun. Constr. Equip. Operators' Labor Council v. Cleveland*, 2016-Ohio-5934, 71 N.E.3d 655, ¶ 8 (8th Dist.), citing *Crestmont Cleveland Partnership v. Ohio Dept. of Health*, 139 Ohio App.3d 928, 936, 746 N.E.2d 222 (10th Dist.2000). The standard for determining a Civ.R. 12(B)(1) motion to dismiss for lack of subject-matter jurisdiction is whether the plaintiff has alleged any cause of action over which the court has authority to decide. *McHenry v. Indus. Comm. of Ohio*, 68 Ohio App.3d 56, 62, 587 N.E.2d 414 (1990).

{¶ 15} With limited exception, the Ohio Revised Code bestows exclusive jurisdiction on SERB for the resolution of disputes between public employers and employees where those disputes arise from the employment relationship. R.C. 4117.10(A) removes subject-matter jurisdiction from SERB and gives exclusive jurisdiction to an arbitrator when the applicable CBA specifies binding arbitration as the exclusive form of dispute resolution. The common pleas court only has jurisdiction to confirm, modify, or vacate the arbitration award that is the final result of the grievance process. R.C. 2711.09; *Ohio Council 8 v. Cleveland*, 8th Dist. Cuyahoga No. 103354, 2016-Ohio-1128, ¶ 9.

{¶ 16} "'If a party asserts rights that are independent of R.C. Chapter 4117, then the party's complaint may properly be heard in common pleas court. However, if a party asserts claims that arise from or depend on the collective bargaining rights created by R.C. Chapter 4117, the remedies provided in that chapter are exclusive.'" *Bringheli v. Parma City School Dist. Bd. of Edn.*, 8th Dist. Cuyahoga No. 91064, 2009-Ohio-3077, ¶ 13, quoting *Franklin Cty. Law Enforcement Assn. v. Fraternal Order of Police, Capital City Lodge No. 9*, 59 Ohio St.3d 167, 170-171, 572 N.E.2d 87 (1991). "R.C. 4117.10(A) recognizes that arbitration provides the exclusive remedy for violations of an employee's employment rights." *Gudin v. W. Res. Psychiatric Hosp.*, 10th Dist. Franklin No. 00AP-912, 2001 Ohio App. LEXIS 2634 (June 14, 2001). "Under R.C. 4117.10(A), if an agreement provides for final and binding arbitration as an exclusive remedy, the agreement prevails." *Thompson v. Dept. of Mental Retardation & Dev. Disabilities*, 5th Dist. Fairfield No. 09CA00041, 2009-Ohio-6558, ¶ 15.

{¶ 17} Falconer argues that his claims fall outside the scope of the CBA because none of the rights and duties set forth in the CBA were implicated in his claims. He further notes that the CBA expressly authorizes individual contracts with employees under its "Employment Practices" section. This section states that "[t]he Board shall enter into written contracts for the employment and reemployment of all employees." The section further requires the written contract to specify in detail the number of employee workdays, the number of days with students, the salary to be paid, and the rate of deduction for unexcused absence. Falconer contends that

nothing in the CBA requires these individual contracts and disputes arising therefrom to be subject to mandatory arbitration or SERB's jurisdiction.

{¶ 18} We are not persuaded by Falconer's assertions. While Falconer attempts to isolate his "Limited Teacher's Contract" as the only agreement being implicated in his claims, this contract arose from the CBA. His claims that his employment contract was terminated without just cause and that he did not receive proper compensation for extended time concern the terms and conditions of his employment and thereby implicate the CBA, which contains a provision for final and binding arbitration as an exclusive remedy.

{¶ 19} We note that Falconer filed a ULP charge alleging that the WEA representative failed and refused to file or pursue a grievance of Falconer's termination of employment and failed to file a grievance relating to the Board's refusal to pay him for work performed prior to his termination. Clearly, Falconer recognizes that his claims depend on or arise from the CBA and are subject to the grievance procedure contained therein.

{¶ 20} Thus, we do not find that Falconer has asserted any claims that fall outside of R.C. Chapter 4117. Here, as in *Bringheli*, 8th Dist. Cuyahoga No. 91064, 2009-Ohio-3077, the parties are governed by the policies and procedures set forth in the agreement. All matters pertaining to wages, hours, or terms and other conditions of employment are subject to collective bargaining. R.C. 4117.08(A).

{¶ 21} In view of the fact that the matters alleged in the present case arise from, or depend upon, the collective bargaining agreement, we conclude that SERB has exclusive jurisdiction over Falconer's claims. The rights being asserted would not exist without the CBA and R.C. Chapter 4117. As acknowledged by Falconer through his filing of the ULP against the WEA for failing to pursue grievances relating to the same matters alleged in his complaint, the claims raised in the instant matter do not fall outside the scope of the CBA. The only remedy available to Falconer was through the appropriate grievance procedure, and the trial court properly found that it lacked subject-matter jurisdiction over Falconer's claims.

{¶ 22} Appellant's sole assignment of error is overruled, and the judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK DANIEL CELEBREZZE, III, JUDGE

ANITA LASTER MAYS, A.J., and
SEAN C. GALLAGHER, J., CONCUR