**STETTER ET AL. *v.* R.J. CORMAN DERAILMENT SERVICES, L.L.C., ET AL.**

**[Cite as *Stetter v. R.J. Corman Derailment Servs., L.L.C.*,**

**125 Ohio St.3d 280, 2010-Ohio-1029.]**

*Torts — Employer intentional torts — R.C. 2745.01 — R.C. 2745.01 does not violate rights to trial by jury, to a remedy, to open courts, to due course of law, or to equal protection under Ohio Constitution — R.C. 2745.01 does not violate separation of powers — R.C. 2745.01 does not conflict with legislative authority granted by Section 34 or 35, Article II, Ohio Constitution — R.C. 2745.01 does not eliminate common-law cause of action of employer intentional tort.*

(No. 2008-0972 — Submitted February 18, 2009 — Decided March 23, 2010.)

ON ORDER from the United States District Court, Northern District of Ohio, Western Division, Certifying Questions of State Law, No. 3:07CV866.

————————————

**SYLLABUS OF THE COURT**

1.  R.C. 2745.01, as enacted by Am.H.B. No. 498, effective April 7, 2005, does not violate the Ohio Constitution's trial-by-jury provision (Section 5, Article I), the right-to-a-remedy and open-courts provisions (Section 16, Article I), the due-course-of-law provision (Section 16, Article I), the equal protection provision (Section 2, Article I), or the separation-of-powers doctrine and is therefore constitutional on its face.

2.  R.C. 2745.01, as enacted by Am.H.B. No. 498, effective April 7, 2005, does not conflict with the legislative authority granted to the General Assembly by Sections 34 and 35, Article II of the Ohio Constitution.  (*Kaminski v. Metal & Wire Prods. Co.*, 125 Ohio St.3d 250, 2010-Ohio-1027, ___ N.E.2d ____, syllabus, followed.)

3. R.C. 2745.01, as enacted by Am.H.B. No. 498, effective April 7, 2005, does not eliminate the common-law cause of action for an employer intentional tort.

_____

**CUPP, J.**

{¶ 1} We accepted review of certified questions of state law from the United States District Court for the Northern District of Ohio, Western Division, regarding the validity of R.C. 2745.01, Ohio's employer intentional-tort statute, under the Ohio Constitution. For the reasons that follow, we answer the certified questions in the negative and hold that R.C. 2745.01, which was enacted by Am.H.B. No. 498, 150 Ohio Laws, Part IV, 5533, effective April 7, 2005, is facially constitutional. See also our decision in case No. 2008-0857, *Kaminski v. Metal & Wire Prods. Co.*, 125 Ohio St.3d 250, 2010-Ohio-1027, ___ N.E.2d ____, decided today as well. [1]

## I. The Certification Order and the Questions to Be Answered

{¶ 2} The federal district court's amended certification order sets forth the following brief statement of the facts:

{¶ 3} "The Complaint alleges that on March 13, 2006, while employed by Defendant R.J. Corman Derailment Services LLC, Plaintiff Carl Stetter was injured while working in the course and scope of his employment. Plaintiff Carl Stetter applied for and received workers' compensation benefits as a result of the injuries he sustained on March 13, 2006.

{¶ 4} "Plaintiffs filed their Complaint in the Wood County Common Pleas Court. Defendants removed the action to the United States District Court for the Northern District of Ohio, Western Division. Federal jurisdiction is based

---

1. Some of the issues of this case and of *Kaminski* overlap. In resolving the issues that overlap, we have considered all the briefs that have been filed in both cases.

upon 28 U.S.C. § 1332 because there is diversity between the parties and the amount in controversy exceeds $75,000.

{¶ 5} "Plaintiffs' Complaint alleges that Defendants committed an employer intentional tort. On February 29, 2008, pursuant to an order of this Court, Defendants filed an Amended Answer in which they asserted that Plaintiffs are unable to establish any deliberate intent by the Defendants to cause Plaintiffs' injuries and therefore Plaintiffs' claims are barred by R.C. 2745.01. On March 17, 2008, pursuant to an Order of this Court, Plaintiffs filed their Motion to Strike and/or For Declaratory Judgment asserting that R.C. 2745.01 is unconstitutional. To fully adjudicate this matter and determine the rights and liabilities of each party, this Court needs a determination by the Ohio Supreme Court regarding the constitutionality of R.C. 2745.01 under the Ohio Constitution. The Supreme Court of Ohio has not yet had opportunity to issue a decision on the constitutionality of R.C. 2745.01, as enacted by House Bill 498 effective April 7, 2005."

{¶ 6} The federal court certified the following eight questions to this court:

{¶ 7} "1. Is R.C. §2745.01, as enacted by House Bill 498, effective April 7, 2005, unconstitutional for violating the right to trial by jury?

{¶ 8} "2. Is R.C. §2745.01, as enacted by House Bill 498, effective April 7, 2005, unconstitutional for violating the right to a remedy?

{¶ 9} "3. Is R.C. §2745.01, as enacted by House Bill 498, effective April 7, 2005, unconstitutional for violating the right to an open court?

{¶ 10} "4. Is R.C. §2745.01, as enacted by House Bill 498, effective April 7, 2005, unconstitutional for violating the right to due process of law?

{¶ 11} "5. Is R.C. §2745.01, as enacted by House Bill 498, effective April 7, 2005, unconstitutional for violating the right to equal protection of the law?

{¶ 12} "6. Is R.C. §2745.01, as enacted by House Bill 498, effective April 7, 2005, unconstitutional for violating the separation of powers?

{¶ 13} "7. Is R.C. §2745.01, as enacted by House Bill 498, effective April 7, 2005, unconstitutional for conflicting with the legislative authority granted to the General Assembly by §34 and §35, Article II, of the Ohio Constitution?

{¶ 14} "8. Does R.C. §2745.01, as enacted by House Bill 498, effective April 7, 2005, do away with the common law cause of action for employer intentional tort?"

{¶ 15} We reviewed the parties' preliminary memoranda and consented to answer the eight certified questions of the amended order. 119 Ohio St.3d 1452, 2008-Ohio-4562, 893 N.E.2d 520. [2]

{¶ 16} Plaintiffs Carl and Doris Stetter are the petitioners in this matter. The respondents are defendants R.J. Corman Derailment Services, L.L.C., and R.J. Corman Railroad Group, L.L.C.

## II. Analysis

{¶ 17} R.C. 2745.01, effective April 7, 2005, provides in its entirety:

{¶ 18} "(A) In an action brought against an employer by an employee, or by the dependent survivors of a deceased employee, for damages resulting from an intentional tort committed by the employer during the course of employment, the employer shall not be liable unless the plaintiff proves that the employer committed the tortious act with the intent to injure another or with the belief that the injury was substantially certain to occur.

---

2. The federal district court had previously certified similar questions to this court, and this court accepted those questions on August 6, 2008. 119 Ohio St.3d 1405, 2008-Ohio-3880, 891 N.E.2d 766. However, the federal court issued an amended order because the original incorrectly referred to Senate Bill 80, rather than House Bill 498, as the bill that enacted R.C. 2745.01.

{¶ 19} "(B) As used in this section, 'substantially certain' means that an employer acts with deliberate intent to cause an employee to suffer an injury, a disease, a condition, or death.

{¶ 20} "(C) Deliberate removal by an employer of an equipment safety guard or deliberate misrepresentation of a toxic or hazardous substance creates a rebuttable presumption that the removal or misrepresentation was committed with intent to injure another if an injury or an occupational disease or condition occurs as a direct result.

{¶ 21} "(D) This section does not apply to claims arising during the course of employment involving discrimination, civil rights, retaliation, harassment in violation of Chapter 4112 of the Revised Code, intentional infliction of emotional distress not compensable under Chapters 4121 and 4123 of the Revised Code, contract, promissory estoppel, or defamation." 150 Ohio Laws, Part IV, 5533.

{¶ 22} In *Kaminski*, 125 Ohio St.3d 250, 2010-Ohio-1027, ____ N.E.2d ___, we reviewed the history and development of employer intentional-tort law in Ohio. In particular, we examined this court's decisions in *Brady v. Safety-Kleen Corp.* (1991), 61 Ohio St.3d 624, 576 N.E.2d 722, and *Johnson v. BP Chems., Inc.* (1999), 85 Ohio St.3d 298, 707 N.E.2d 1107, both of which struck down legislation governing employer intentional torts. We draw upon *Kaminski* in answering the certified questions of this case.[3]

### A. The Statutory Purpose

{¶ 23} In an argument going to the eighth certified question, petitioners assert that R.C. 2745.01 "*does not do away with* the common law cause of action for employer intentional tort." (Emphasis added.) Rather than arguing that R.C.

---

3. To facilitate our discussion of the numbered certified questions, we address them out of order.

2745.01 is unconstitutional, petitioners present an elaborate argument that R.C. 2745.01 is actually constitutional when understood in its proper context.

{¶ 24} Petitioners first contend that the portion of R.C. 2745.01(A) regarding the employer's intent to injure another is actually a codification of the common-law cause of action developed by this court, in such cases as *Blankenship v. Cincinnati Milacron Chems., Inc.* (1982), 69 Ohio St.2d 608, 23 O.O.3d 504, 433 N.E.2d 572, and in *Fyffe v. Jeno's, Inc.* (1991), 59 Ohio St.3d 115, 570 N.E.2d 1108. Petitioners then assert that R.C. 2745.01(A) both acknowledges the existing common-law action for employer intentional torts and creates "a new statutory cause of action for *deliberately intended* employer intentional torts." (Emphasis sic.)

{¶ 25} Petitioners accordingly contend that the General Assembly meant to accept this court's holdings in *Brady* and *Johnson*.

{¶ 26} For reasons also discussed in *Kaminski*, we reject petitioners' construction of R.C. 2745.01. It was the General Assembly's intent in enacting R.C. 2745.01, as expressed particularly in R.C. 2745.01(B), to permit recovery for employer intentional torts *only* when an employer acts with specific intent to cause an injury. See id., 125 Ohio St.3d 250, 2010-Ohio-1027, ___ N.E.2d ___, at ¶ 56.

{¶ 27} To accept petitioners' view of the statute, we must ignore the history of employer intentional-tort law in Ohio and the dynamic between the General Assembly's attempts to legislate in this area and this court's decisions reacting to those attempts. Instead, we find that R.C. 2745.01 embodies the General Assembly's intent to significantly curtail an employee's access to common-law damages for what we will call a "substantially certain" employer intentional tort. We do not view the statute as a codification of this court's decisions in *Brady*, 61 Ohio St.3d 624, 576 N.E.2d 722, and *Johnson*, 85 Ohio St.3d 298, 707 N.E.2d 1107.

**{¶ 28}** It does not necessarily follow, however, that R.C. 2745.01 *does away with* the common-law cause of action for employer intentional tort, which is the query posed by the eighth certified question. Although the statute significantly limits lawsuits for employer workplace intentional torts, it does not abolish the tort entirely. See *Talik v. Fed. Marine Terminals, Inc.*, 117 Ohio St.3d 496, 2008-Ohio-937, 885 N.E.2d 204, ¶ 17 ("The General Assembly modified the common-law definition of an employer intentional tort by enacting R.C. 2745.01"). Accordingly, we answer the eighth certified question by holding that R.C. 2745.01 does not eliminate the common-law cause of action for an employer intentional tort.

### B. Sections 34 and 35, Article II, Ohio Constitution

**{¶ 29}** The seventh certified question asks whether R.C. 2745.01 impermissibly conflicts with the legislative authority granted to the General Assembly by Sections 34 and 35, Article II of the Ohio Constitution. We reviewed this issue in *Kaminski*, and we held that no such conflict exists. In *Kaminski*, we clarified that both constitutional provisions function as grants of authority to the General Assembly and not as limitations on legislative authority.

**{¶ 30}** To the extent that this court in *Johnson*, and the plurality in *Brady*, construed Sections 34 and 35 as preventing the General Assembly from enacting legislation in this area, we disclaim that reasoning. See *Kaminski*, 125 Ohio St.3d 250, 2010-Ohio-1027, ___ N.E.2d ___, at the syllabus. Because of the significant differences between the current statute and the statutes invalidated in *Johnson* and *Brady*, we limit those decisions to the specific statutes invalidated in those cases. Accordingly, for the reasons stated in *Kaminski*, we answer the seventh certified question in the negative and hold that R.C. 2745.01, as enacted by Am.H.B. No. 498, effective April 7, 2005, does not conflict with the legislative authority granted to the General Assembly by Sections 34 and 35, Article II of the Ohio Constitution.

*C. Other Constitutional Provisions*

**{¶ 31}** The remaining certified questions in this case test the constitutionality of R.C. 2745.01 under provisions other than Sections 34 and 35, Article II.

**{¶ 32}** Our inquiry is guided by familiar and well-established principles of constitutional adjudication. In *Arbino v. Johnson & Johnson*, 116 Ohio St.3d 468, 2007-Ohio-6948, 880 N.E.2d 420, we reiterated that all statutes enjoy a strong presumption of constitutionality: "Before a court may declare unconstitutional an enactment of the legislative branch, 'it must appear beyond a reasonable doubt that the legislation and constitutional provisions are clearly incompatible.' " Id. at ¶ 25, quoting *State ex rel. Dickman v. Defenbacher* (1955), 164 Ohio St. 142, 57 O.O. 134, 128 N.E.2d 59, paragraph one of the syllabus.

**{¶ 33}** Furthermore, a party raising a facial challenge to a statute, as petitioners do here, must demonstrate that there is no set of circumstances under which the statute would be valid. *Arbino* at ¶ 26, citing *United States v. Salerno* (1987), 481 U.S. 739, 745, 107 S.Ct. 2095, 95 L.Ed.2d 697. " 'The fact that a statute might operate unconstitutionally under some plausible set of circumstances is insufficient to render it wholly invalid.' " *Arbino* at ¶ 26, quoting *Harrold v. Collier*, 107 Ohio St.3d 44, 2005-Ohio-5334, 836 N.E.2d 1165, ¶ 37. See also *Groch v. Gen. Motors Corp.*, 117 Ohio St.3d 192, 2008-Ohio-546, 883 N.E.2d 377, ¶ 25-26.

**{¶ 34}** "A fundamental principle of the constitutional separation of powers among the three branches of government is that the legislative branch of government is 'the ultimate arbiter of public policy.' " *Arbino* at ¶ 21, quoting *State ex rel. Cincinnati Enquirer, Div. of Gannett Satellite Information Network v. Dupuis*, 98 Ohio St.3d 126, 2002-Ohio-7041, 781 N.E.2d 163, ¶ 21. In fulfilling that role, the legislature is entrusted with the power to continually refine Ohio's laws to meet the needs of our citizens. Id.

{¶ 35} It is not the role of the courts "to establish legislative policies or to second-guess the General Assembly's policy choices. '[T]he General Assembly is responsible for weighing [policy] concerns and making policy decisions; we are charged with evaluating the constitutionality of their choices.' " *Groch v. Gen. Motors Corp.*, 117 Ohio St.3d 192, 2008-Ohio-546, 883 N.E.2d 377, ¶ 212, quoting *Arbino*, 116 Ohio St.3d 468, 2007-Ohio-6948, 880 N.E.2d 420, at ¶ 113.

{¶ 36} Section 1, Article II of the Ohio Constitution provides that all legislative power of the state is vested in the General Assembly. Thus, the General Assembly possesses the authority to enact any law that does not conflict with the Ohio and United States Constitutions. See *State ex. rel Jackman v. Cuyahoga Cty. Court of Common Pleas* (1967), 9 Ohio St.2d 159, 162, 38 O.O.2d 404, 224 N.E.2d 906. Included within this authority is the power to "alter, revise, modify, or abolish the common law" as the General Assembly deems necessary to further the common good. *Arbino* at ¶ 131 (Cupp, J., concurring). See *Thompson v. Ford* (1955), 164 Ohio St. 74, 79, 57 O.O. 96, 128 N.E.2d 111 (using its police powers, the General Assembly "may modify or entirely abolish common-law actions and defenses"); accord *Strock v. Pressnell* (1988), 38 Ohio St.3d 207, 214, 527 N.E.2d 1235.

{¶ 37} "While stare decisis applies to the rulings rendered in regard to specific statutes, it is limited to circumstances 'where the facts of a subsequent case are substantially the same as a former case.' *Rocky River v. State Emp. Relations Bd.* (1989), 43 Ohio St.3d 1, 5, 539 N.E.2d 103. We will not apply stare decisis to strike down legislation enacted by the General Assembly merely because it is similar to previous enactments that we have deemed unconstitutional. To be covered by the blanket of stare decisis, the legislation must be phrased in language that is substantially the same as that which we have previously invalidated.

**{¶ 38}** "A careful review of the statutes at issue * * * reveals that they are more than a rehashing of unconstitutional statutes. In its continued pursuit of reform, the General Assembly has made progress in tailoring its legislation to address the constitutional defects identified by the various majorities of this court. The statutes before us * * * are sufficiently different from the previous enactments to avoid the blanket application of stare decisis and to warrant a fresh review of their individual merits." *Arbino*, 116 Ohio St.3d 468, 2007-Ohio-6948, 880 N.E.2d 420, ¶ 23-24. See also *Groch*, 117 Ohio St.3d 192, 2008-Ohio-546, 883 N.E.2d 377, ¶ 104-106.

**{¶ 39}** Like the statutes at issue in *Arbino* and *Groch*, the statute at issue in this case resembles previous invalid legislation in some respects, but it differs in significant and important ways. Consequently, even though this court has struck down employer intentional-tort statutes in previous cases, stare decisis does not necessarily compel the conclusion that R.C. 2745.01 is also unconstitutional. Rather, we conduct a fresh review of the statute in light of its specific terms.

*1. Open Courts and Right to a Remedy (Section 16, Article I, Ohio Constitution)*

**{¶ 40}** The second certified question asks whether R.C. 2745.01 violates the right to a remedy. The third certified question asks whether R.C. 2745.01 violates the right to an open court.

**{¶ 41}** Section 16, Article I of the Ohio Constitution provides, "All courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay." Section 16 contains several distinct guarantees. First, legislative enactments may restrict individual rights only "by due course of law," a guarantee equivalent to the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Groch v. Gen. Motors Corp.*, 117 Ohio St.3d 192, 2008-Ohio-546, 883 N.E.2d 377, ¶ 108. We address that facet of Section 16 in Part II(C)(3), below.

**{¶ 42}** Additionally, separate concerns are implicated by Section 16's provisions that this state's courts shall be open to every person with a right to a remedy for injury to his person, property, or reputation. " 'When the Constitution speaks of remedy and injury to person, property, or reputation, it requires an opportunity granted at a meaningful time and in a meaningful manner.' "*Arbino*, 116 Ohio St.3d 468, 2007-Ohio-6948, 880 N.E.2d 420, ¶ 44, quoting *Hardy v. VerMeulen* (1987), 32 Ohio St.3d 45, 47, 512 N.E.2d 626. "A statute need not 'completely abolish the right to open courts' to run afoul" of Section 16. *Arbino* at ¶ 45, quoting *Sorrell v. Thevenir* (1994), 69 Ohio St.3d 415, 426, 633 N.E.2d 504. Any statute that eliminates a right to a judgment or to a properly rendered verdict is unconstitutional, and an individual cannot be "wholly foreclosed from relief after a verdict is rendered in his or her favor." *Arbino* at ¶ 45. This court has invalidated statutes and rules as violative of this aspect of Section 16, Article I in cases involving a "serious infringement of a clearly preexisting right to bring suit." *Fabrey v. McDonald Village Police Dept.* (1994), 70 Ohio St.3d 351, 355, 639 N.E.2d 31.

**{¶ 43}** We now address the open-courts and right-to-a-remedy provisions of Section 16 as applicable to this case.

**{¶ 44}** Petitioners contend that requiring employees to show a "deliberate intent" to cause injury denies a meaningful remedy to employees injured by acts committed with the "substantially certain" level of intent, who are relegated to workers' compensation recovery only. Petitioners assert that "[t]he right to bring a civil action for damages is the only meaningful remedy for an intentional tort in any context, including the context of employment."

**{¶ 45}** Petitioners further assert that requiring an employee to show an employer's deliberate intent to cause injury "will effectively close Ohio's courts" to employees injured by an employer acting with something less than deliberate intent. To this end, petitioners emphasize that in *Johnson*, 85 Ohio St.3d at 306,

11

707 N.E.2d 1107, this court stated that former R.C. 2745.01(D) was flawed because it might force an employee to prove "at a minimum, that the actions of the employer amount to criminal assault."

{¶ 46} As we noted in *Kaminski,* 125 Ohio St.3d 250, 2010-Ohio-1027, ___ N.E.2d ___, at ¶ 96, the majority opinion in *Johnson* did not rely solely on Sections 34 and 35, Article II in overturning the employer intentional-tort statute at issue in that case. Much of the discussion in *Johnson* shows that the statute was determined to be unconstitutional based in large part on the heavy burden it placed on employees seeking a civil remedy.

{¶ 47} In this regard, this court stated in *Johnson,* 85 Ohio St.3d at 306, 707 N.E.2d 1107, that former R.C. 2745.01 "created a cause of action that is simply illusory" and that the statutory requirements "are so unreasonable and excessive that the chance of recovery of damages by employees for intentional torts committed by employers in the workplace is virtually zero." Id. at 307. These statements resemble the standards governing judicial review of alleged violations of Section 16's guarantee of the right to a remedy and right to an open court. See, e.g., *Arbino*, 116 Ohio St.3d 468, 2007-Ohio-6948, 880 N.E.2d 420, ¶ 47, 97 (statutory remedies must be "meaningful" to comply with Section 16).

{¶ 48} Current R.C. 2745.01, however, jettisons many of the attributes that troubled this court in past versions. For example, the current statute does not require employees to establish an intentional tort by clear and convincing evidence, in contrast to former R.C. 2745.01, which was invalidated in *Johnson*. See 85 Ohio St.3d at 306, 707 N.E.2d 1107; see former R.C. 2745.01(B) (146 Ohio Laws, Part I, 756) (clear-and-convincing-evidence standard applied to all elements of an employer intentional tort) and (C)(1) (id.) (clear-and-convincing-evidence standard applied to responses to employers' motions for summary judgment). Moreover, the current version does not require that a court impose sanctions for failing to comply with certification requirements, such as the

requirement to attest that an action is not brought for an improper purpose such as harassment. See former R.C. 2745.01(C)(2). 146 Ohio Laws, Part I, 757.

{¶ 49} Additionally, current R.C. 2745.01, in contrast to former R.C. 4121.80 (141 Ohio Laws, Part I, 733), which was struck down in *Brady*, does not provide that an employee who recovers for an intentional tort may collect only the amount recovered in excess of the workers' compensation benefits the employee also received, former R.C. 4121.80(A) (id.), does not provide that the Industrial Commission, rather than a court, must determine the amount of damages and does not cap the amount of damages recovered for an employer intentional tort, R.C. 4121.80(D) (id. at 735), and does not establish an intentional tort fund, R.C. 4121.80(E) (id.).

{¶ 50} It is apparent that the General Assembly responded to this court's previous decisions by eliminating many of the features identified by this court as unreasonable, onerous, and excessive. Thus, in reviewing R.C. 2745.01, we find a more limited statute than those previously held to be unconstitutional.

{¶ 51} Petitioners point out that the *Johnson* court objected to requiring an employee to prove the equivalent of a criminal assault. But *Johnson*'s objections were largely based on former R.C. 2745.01's imposition of a clear-and-convincing-evidence burden of proof. Because the current statute has no such requirement, it is distinguishable from the one in *Johnson*, and the statute here imposes no similar burden on an employee's right to an open court.

{¶ 52} In *Hardy*, 32 Ohio St.3d at 49, 512 N.E.2d 626, we rejected the notion that "causes of action as they existed at common law or the rules that govern such causes are immune from legislative attention." This is because "[n]o one has a vested right in rules of the common law. * * * The great office of statutes is to remedy defects in the common law as they are developed, and to adapt it to new circumstances." *Fassig v. State ex rel. Turner* (1917), 95 Ohio St. 232, 248, 116 N.E. 104. See *Leis v. Cleveland Ry.* Co. (1920), 101 Ohio St. 162,

128 N.E. 73, paragraph one of the syllabus (because there is no property or vested right in rules of the common law, "they may be added to or repealed by legislative authority"); see also *Munn v. Illinois* (1876), 94 U.S. 113, 134, 24 L.Ed. 77 (there is no vested interest in any rule of the common law; alteration of the common law is permissible unless prohibited by specific constitutional limitations).

**{¶ 53}** " ' " 'This court would encroach upon the Legislature's ability to guide the development of the law if we invalidated legislation simply because the rule enacted by the Legislature rejects some cause of action currently preferred by the courts. * * * Such a result would offend our notion of the checks and balances between the various branches of government, and the flexibility required for the healthy growth of the law.' " ' " *Groch*, 117 Ohio St.3d 192, 2008-Ohio-546, 883 N.E.2d 377, ¶ 118, quoting *Sedar v. Knowlton Constr. Co.* (1990), 49 Ohio St.3d 193, 202, 551 N.E.2d 938, quoting *Klein v. Catalano* (1982), 386 Mass. 701, 712-713, 437 N.E.2d 514, and *Freezer Storage, Inc. v. Armstrong Cork Co.* (1978), 476 Pa. 270, 280-281, 382 A.2d 715.

**{¶ 54}** As this court has often recognized, workers' compensation laws are the result of a unique compromise between employees and employers, in which employees give up their common-law remedy and accept possibly lower monetary recovery, but with greater assurance that they will receive reasonable compensation for their injury. Employers in turn give up common-law defenses but are protected from unlimited liability. See, e.g., *Bickers v. W. & S. Life Ins. Co.,* 116 Ohio St.3d 351, 2007-Ohio-6751, 879 N.E.2d 201, ¶ 19; *Arrington v. DaimlerChrysler Corp.*, 109 Ohio St.3d 539, 2006-Ohio-3257, 849 N.E.2d 1004, ¶ 19; *Holeton v. Crouse Cartage Co.* (2001), 92 Ohio St.3d 115, 119, 748 N.E.2d 1111; *Blankenship,* 69 Ohio St.2d at 614, 23 O.O.3d 504, 433 N.E.2d 572.

**{¶ 55}** For the reasons that follow, we hold that current R.C. 2745.01 does not violate the right to an open court or the right to a remedy and that the statute provides for meaningful remedies.

{¶ 56} First, R.C. 2745.01 is not retroactive and, therefore, has no effect on employees whose causes of action arose before the statute's effective date and whose claims have vested.

{¶ 57} Second, R.C. 2745.01 allows employees to recover for an intentional tort for injuries that result from a deliberate intent to injure. R.C. 2745.01(A) and (B).

{¶ 58} Third, R.C. 2745.01 allows recovery for an intentional tort for situations involving the deliberate removal of an equipment safety guard or deliberate misrepresentation of a toxic or hazardous substance. R.C. 2745.01(C). The claims listed in R.C. 2745.01(D), such as discrimination, sexual harassment, and retaliation, are unaffected by this enactment.

{¶ 59} Fourth, workers' compensation recovery is a meaningful remedy for workers whose injuries result from conduct committed with an intent less than deliberate intent, such as conduct that is reckless (as it is under our current case law). Furthermore, when an injury results from an employer's violation of a specific safety requirement, an additional recovery by the injured worker is constitutionally available. Section 35, Article II of the Ohio Constitution.[4]

{¶ 60} The General Assembly enacted R.C. 2745.01 pursuant to its authority to modify the rules of the common law. "The power to alter or abolish a common-law cause of action necessarily includes the power to modify any associated remedy." *Arbino*, 116 Ohio St.3d 468, 2007-Ohio-6948, 880 N.E.2d 420, ¶ 132 (Cupp, J., concurring), citing *State v. Barlow* (1904), 70 Ohio St. 363, 374-375, 71 N.E. 726. Meaningful remedies through the workers' compensation

---

4. The final sentence of Section 35, Article II of the Ohio Constitution provides: "When it is found, upon hearing, that an injury, disease or death resulted because of [the] failure by the employer [to comply with any specific requirement for the protection of the lives, health or safety of employees], such amount as shall be found to be just, not greater than fifty nor less than fifteen per centum of the maximum award established by law, shall be added by the board [i.e., the Industrial Commission of Ohio], to the amount of the compensation that may be awarded on account of such injury, disease, or death * * *."

system are available for those employees whose claim against their employer falls short of the statutory elements necessary for an employer intentional tort. We answer the second and third certified questions in the negative and hold that R.C. 2745.01, as enacted by Am.H.B. No. 498, effective April 7, 2005, does not violate the right to a remedy or the right to an open court of Section 16, Article I of the Ohio Constitution.

*2. Right to Trial by Jury (Section 5, Article I, Ohio Constitution)*

{¶ 61} The first certified question asks whether R.C. 2745.01 violates the right to trial by jury. Section 5, Article I of the Ohio Constitution provides that "[t]he right of trial by jury shall be inviolate, except that, in civil cases, laws may be passed to authorize the rendering of a verdict by the concurrence of not less than three-fourths of the jury." The jury-trial right conferred by Section 5, Article I (and by the analogous Seventh Amendment to the United States Constitution) is "one of the most fundamental and long-standing rights in our legal system, having derived originally from the Magna Carta." *Arbino*, 116 Ohio St.3d 468, 2007-Ohio-6948, 880 N.E.2d 420, ¶ 31. See *Arrington*, 109 Ohio St.3d 539, 2006-Ohio-3257, 849 N.E.2d 1004, ¶ 21 (right to trial by jury was "[d]esigned to prevent government oppression and to promote the fair resolution of factual issues").

{¶ 62} Petitioners argue that requiring employees to show an employer's deliberate intent to injure in order to recover civil damages "would deprive the victims of non-deliberate intentional tortfeasors of their right to trial by jury" and that "[a]ny deprivation of the right to bring a civil action amounts to an *ipso facto* deprivation" of that right.

{¶ 63} Petitioners' arguments fail to take into account that the right to a jury trial is not absolute. Section 5, Article I applies only to those causes of action to which the right attached at common law when Section 5 was adopted. *Arbino* at ¶ 32. Moreover, Section 5's specific guarantee is that a jury will resolve any

questions of fact, and a challenge to a statute under that section will succeed "only if the statute actually intrudes upon the jury's fact-finding function." Id. at ¶ 34, 90.

{¶ 64} The right to trial by jury does not act as "a limit on the ability of the legislature to act within its constitutional boundaries." Id., 116 Ohio St.3d 468, 2007-Ohio-6948, 880 N.E.2d 420, at ¶ 126 (Cupp, J., concurring). "[I]t is long-settled constitutional law that it is within the power of the legislature to alter, revise, modify, or abolish the common law as it may determine necessary or advisable for the common good." Id. at ¶ 131. Thus, the right to trial by jury does not prevent the General Assembly from altering a cause of action. Id. at ¶ 131-132.

{¶ 65} In *Arrington*, we observed that employer intentional-tort claims typically retain a right to trial by jury because, under *Blankenship*, intentional torts do not arise from employment, and the employer thus loses immunity from a common-law suit. 109 Ohio St.3d 539, 2006-Ohio-3257, 849 N.E.2d 1004, ¶ 24, citing *Blankenship*, 69 Ohio St.2d 608, 23 O.O.3d 504, 433 N.E.2d 572. However, the General Assembly enacted R.C. 2745.01 under its authority to alter a common-law cause of action, and it acted within the bounds of its authority in setting the parameters of an employer intentional tort.

{¶ 66} With R.C. 2745.01, the General Assembly has in effect determined that injuries to an employee resulting from an employer's actions that fall short of deliberate intent *do* arise from employment. An employee who cannot demonstrate deliberate intent under R.C. 2745.01 has the same status as an employee injured by the negligence of his employer. Both employees must seek recovery pursuant to Ohio's workers' compensation statutes, and neither has a constitutional right to a jury. See *Arrington*, 109 Ohio St.3d 539, 2006-Ohio-3257, 849 N.E.2d 1004, at ¶ 25-26 ("We have never held that a worker seeking to participate in the [workers' compensation fund] is entitled to a trial by jury

because of Section 5, Article I, Section 35, Article II, or any other constitutional provision").

{¶ 67} An employee who can establish a prima facie case that his employer deliberately intended to injure him is not prevented by R.C. 2745.01 from submitting his claim to a jury, for the jury to determine questions of fact. Consequently, the statute does not violate the right to a trial by a jury, because it does not intrude on the traditional province of the jury and it allows the jury to determine damages when they are legally available.

{¶ 68} Accordingly, we answer the first certified question in the negative and hold that R.C. 2745.01, as enacted by Am.H.B. No. 498, effective April 7, 2005, does not violate the right to a jury trial conferred by Section 5, Article I of the Ohio Constitution.

*3. Due Process (Section 16, Article I, Ohio Constitution)*

{¶ 69} The fourth certified question asks whether R.C. 2745.01 violates the right to due process of law. As noted above, this court has recognized that the "due course of law" aspect of Section 16, Article I is the equivalent of the Due Process Clause of the United States Constitution. See also *Arbino,* 116 Ohio St.3d 468, 2007-Ohio-6948, 880 N.E.2d 420, at ¶ 48.

{¶ 70} Petitioner asserts that we are required to apply strict scrutiny to our review of the statute's effect on an employee's right of due process because the statute violates fundamental rights to an open court, to a remedy, and to a jury trial. Under this standard, a statute will be held unconstitutional unless it is necessary to promote a compelling governmental interest. *Groch*, 117 Ohio St.3d 192, 2008-Ohio-546, 883 N.E.2d 377, ¶ 155; *Sorrell*, 69 Ohio St.3d at 423, 633 N.E.2d 504.

{¶ 71} A statute that does not impinge upon a fundamental right, however, will be reviewed under a rational-basis test. Under this test, a statute will be upheld if it is rationally related to a legitimate government purpose and it is not

unreasonable or arbitrary. *Groch* at ¶ 157; *Mominee v. Scherbarth* (1986), 28 Ohio St.3d 270, 274, 28 OBR 346, 503 N.E.2d 717. "In conducting this review, we must consider whether the General Assembly's purposes in enacting the legislation at issue provide adequate support to justify the statute's effects." *Groch* at ¶ 157.

**{¶ 72}** Because the statute does not impinge upon fundamental rights and does not violate the right to an open court, the right to a remedy, or the right to trial by jury, we reject petitioners' argument that strict scrutiny should apply, and we instead review under the rational-basis standard. See *Groch* at ¶ 156; *Arbino,* 116 Ohio St.3d 468, 2007-Ohio-6948, 880 N.E.2d 420, at ¶ 49.

**{¶ 73}** As an initial matter, R.C. 2745.01 is not unreasonable or arbitrary. As we noted in *Kaminski,* 125 Ohio St.3d 250, 2010-Ohio-1027, ___ N.E.2d ___, at ¶ 99, "R.C. 2745.01 appears to harmonize the law of this state with the law that governs a clear majority of jurisdictions." See, e.g., 6 Larson's Workers' Compensation Law (2008), Section 103.03 ("the common-law liability of the employer cannot, under the almost unanimous rule, be stretched to include accidental injuries caused by the gross, wanton, wilful, deliberate, intentional, reckless, culpable, or malicious negligence, breach of statute, or other misconduct of the employer short of a conscious and deliberate intent directed to the purpose of inflicting an injury" [footnote omitted]); *Talik*, 117 Ohio St.3d 496, 2008-Ohio-937, 885 N.E.2d 204, ¶ 32, citing 6 Larson's Workers' Compensation Law (2007) 103-10, Section 103.04[1] ("Ohio is one of only eight states that have judicially adopted a 'substantial certainty' standard for employer intentional torts" [footnote omitted]). It is not unreasonable or arbitrary to conform Ohio's law of employer intentional torts to that of a majority of jurisdictions.

**{¶ 74}** Furthermore, R.C. 2745.01 is rationally related to legitimate purposes. The two most important reasons for the exclusivity of the workers' compensation remedy are "first, to maintain the balance of sacrifices between

employer and employee in the substitution of no-fault liability for tort liability and, second, to minimize litigation, even litigation of undoubted merit." 6 Larson's Workers' Compensation Law, Section 103.03.

{¶ 75} As to the first important reason, "it must be remembered once again that this is a no-fault system as to both employer and employee." Id. Conventional standards regarding what a "just" result might be are subordinated to other concerns in this setting, and awards are routinely made to employees injured as the result of their own misconduct. Id. See *State ex rel. Gross v. Indus. Comm.*, 115 Ohio St.3d 249, 2007-Ohio-4916, 874 N.E.2d 1162, ¶ 20, 22 (a claimant who willfully or deliberately violates a workplace rule and is thereby injured is not statutorily disqualified from receiving workers' compensation benefits; "[t]he no-fault nature of our workers' compensation scheme is a statutory mandate," and in the absence of a statutory provision providing otherwise, "workers' compensation benefits may not be denied on the basis of fault to a claimant who was injured in the course and scope of employment"). Given that a claimant's fault is irrelevant in most situations to his or her workers' compensation recovery, it is not incongruous to likewise provide, as the General Assembly has in R.C. 2745.01, that an employer's liability for most injuries is limited to the claimant's recovery of workers' compensation benefits.

{¶ 76} As to the second important reason, "every presumption is on the side of avoiding the imposition of the complexities and uncertainties of tort litigation on the compensation process." 6 Larson's Workers' Compensation Law, Section 103.03. One of the fundamental pillars supporting Section 35, Article II is the exclusivity of the no-fault compensation system. The inclusion of this feature in Section 35, Article II underscores the importance the Constitution places on avoiding litigation over workplace injuries.

{¶ 77} No more extensive examination of the relationship between the statute's purposes and its effects is necessary. When conducting a rational-basis

review, " 'we are to grant substantial deference to the predictive judgment of the General Assembly.' " *Arbino*, 116 Ohio St.3d 468, 2007-Ohio-6948, 880 N.E.2d 420, at ¶ 58, quoting *State v. Williams* (2000), 88 Ohio St.3d 513, 531, 728 N.E.2d 342. See also *Groch*, 117 Ohio St.3d 192, 2008-Ohio-546, 883 N.E.2d 377, at ¶ 72. Courts may not "usurp the legislative function" by substituting their judgment for that of a legislative authority. *Cent. Motors Corp. v. Pepper Pike* (1995), 73 Ohio St.3d 581, 584, 653 N.E.2d 639.

{¶ 78} The state manifestly has a legitimate interest in legislating in the area of employer intentional torts. The fact that a clear majority of jurisdictions apply standards the same as or similar to those contained in R.C. 2745.01 and the well-established rationale behind Section 35, Article II, which underlies the statute, establish that the statute furthers legitimate purposes that are neither unreasonable nor arbitrary. Because R.C. 2745.01 survives rational-basis review under the "due course of law" aspect of Section 16, Article I, we answer the fourth certified question in the negative and hold that R.C. 2745.01, as enacted by Am.H.B. No. 498, effective April 7, 2005, does not violate the right to due process of law of Section 16, Article I of the Ohio Constitution.

*4. Equal Protection (Section 2, Article I, Ohio Constitution)*

{¶ 79} The fifth certified question asks whether R.C. 2745.01 violates the right to equal protection of the law. Ohio's Equal Protection Clause, Section 2, Article I of the Ohio Constitution, provides, "All political power is inherent in the people. Government is instituted for their equal protection and benefit." This provision is interpreted as the equivalent of the federal Equal Protection Clause. See *Arbino*, 116 Ohio St.3d 468, 2007-Ohio-6948, 880 N.E.2d 420, at ¶ 63.

{¶ 80} Because no fundamental right or suspect class is implicated in this case, we review R.C. 2745.01 under the rational-basis test. *Oliver v. Cleveland Indians Baseball Co. Ltd. Partnership*, 123 Ohio St.3d 278, 2009-Ohio-5030, 915 N.E.2d 1205, ¶ 9. Under this test, a challenged statute will be upheld if the

classifications it creates bear a rational relationship to a legitimate government interest or are grounded on a reasonable justification, even if the classifications are not precise. *Groch*, 117 Ohio St.3d 192, 2008-Ohio-546, 883 N.E.2d 377, at ¶ 82; *Arbino* at ¶ 49.

{¶ 81} Petitioners assert that R.C. 2745.01 creates two classes of intentional-tort victims: employee victims and victims injured outside the workplace. Petitioners further assert that employee victims are denied equal protection under the statute because they must prove that the employer-tortfeasor acted with deliberate intent to injure in order to recover damages, while nonemployee victims can recover upon a showing that the tortfeasor acted only with the belief that injury to the victim was substantially certain to occur.

{¶ 82} For reasons similar to those that led us to conclude above that the statute does not violate the due-course-of-law provision of Section 16, Article I, we also find that R.C. 2745.01 does not violate the equal protection provision of Section 2, Article I. Employee victims who can establish under the statute that their injuries were caused by their employer's deliberate intent may recover for an intentional tort. The statutory classifications petitioners complain of merely recognize that employees suffering job-related injuries that are not the result of an employer's deliberate intent are *not* situated similarly to tort victims injured in, say, a car accident or on the operating table. See *Holeton*, 92 Ohio St.3d at 131-132, 748 N.E.2d 1111 (a tort victim who is injured on the job is not situated similarly to a tort victim who is injured off the job; recovery by the former is governed by the Workers' Compensation Act, but recovery by the latter is not).

{¶ 83} Moreover, the Ohio Constitution itself draws the classification between persons who, as employees, are injured on the job and those persons who are injured other than in the workplace. The workers' compensation system authorized by Section 35, Article II provides that employers who comply with the requirements of that system "shall not be liable to respond in damages at common

law or by statute for * * * death, injuries, or occupational disease" sustained by employees on the job. R.C. 2745.01 reasonably furthers the legitimate constitutional purpose of maintaining the social bargain between employer and employee inherent in the workers' compensation relationship. Moreover, the statute furthers another central purpose – minimizing litigation.

{¶ 84} The General Assembly has permissibly modified the common law of employer intentional torts through R.C. 2745.01 by establishing that an employee who cannot demonstrate the deliberate intent of his employer to injure him is situated similarly to other employees who recover within the workers' compensation system. See *Thompson*, 164 Ohio St. at 79, 57 O.O. 96, 128 N.E.2d 111 (the General Assembly may, within constitutional limitations, legislate to change the common law). It is one of the General Assembly's fundamental constitutional prerogatives to engage in line-drawing of this type.

{¶ 85} Because the classifications created by R.C. 2745.01 bear a rational relationship to a legitimate government interest and are grounded on a reasonable justification, we answer the fifth certified question in the negative and hold that R.C. 2745.01, as enacted by House Bill 498, effective April 7, 2005, does not violate the right to equal protection of the law of Section 2, Article I of the Ohio Constitution.

*5. Separation of Powers*

{¶ 86} The sixth certified question asks whether R.C. 2745.01 violates the separation of powers.

{¶ 87} "The separation-of-powers doctrine represents the constitutional diffusion of power within our tripartite government. The doctrine was a deliberate design to secure liberty by simultaneously fostering autonomy and comity, as well as interdependence and independence, among the three branches. See, e.g., *Fairview v. Giffee* (1905), 73 Ohio St. 183, 187, 76 N.E. 865; *Zanesville v. Zanesville Tel. & Tel. Co.* (1900), 63 Ohio St. 442, 451, 59 N.E. 109;

*Youngstown Sheet & Tube Co. v. Sawyer* (1952), 343 U.S. 579, 635, 72 S.Ct. 863, 96 L.Ed. 1153 (Jackson, J., concurring). The doctrine 'is "implicitly embedded in the entire framework of those sections of the Ohio Constitution that define the substance and scope of powers granted to the three branches of state government." ' *State ex rel. Bray v. Russell* [2000], 89 Ohio St.3d 132, 134, 729 N.E.2d 359, quoting *S. Euclid v. Jemison* (1986), 28 Ohio St.3d 157, 159, 28 OBR 250, 503 N.E.2d 136. We previously explained as follows:

{¶ 88} " ' "[T]he people possessing all governmental power, adopted constitutions, completely distributing it to appropriate departments." *Hale v. State* (1896), 55 Ohio St. 210, 214, 45 N.E. 199, 200. They vested the legislative power of the state in the General Assembly (Section 1, Article II, Ohio Constitution), the executive power in the Governor (Section 5, Article III, Ohio Constitution), and the judicial power in the courts (Section 1, Article IV, Ohio Constitution). They also specified that ' " '[t]he general assembly shall [not] * * * exercise any judicial power, not herein expressly conferred.' " ' Section 32, Article II, Ohio Constitution.' " *Norwood v. Horney,* 110 Ohio St.3d 353, 2006-Ohio-3799, 853 N.E.2d 1115, ¶ 114-115, quoting *State ex rel. Ohio Academy of Trial Lawyers v. Sheward* (1999), 86 Ohio St.3d 451, 462, 715 N.E.2d 1062; see also *State v. Hochhausler* (1996), 76 Ohio St.3d 455, 463, 668 N.E.2d 457.

{¶ 89} Petitioners assert that R.C. 2745.01 violates the separation-of-powers doctrine because it "constitute[s] a legislative exercise of the judicial power to weigh proof and rule on evidence in civil actions" and that the statute "delegate[s] to the Industrial Commission of Ohio the exclusively judicial function of adjudicating the civil recovery of certain intentional tort victims."

{¶ 90} Because the General Assembly has acted within its grant of power to define the scope and contours of the tort of workplace intentional injury, the separation-of-powers doctrine is not violated by requiring all employees whose injuries are not the result of the statutorily defined tort of workplace intentional

injury to recover within the workers' compensation system. Such employees are situated similarly to employees injured as the result of the employer's negligence or even recklessness for purposes of Section 35, Article II of the Ohio Constitution. Just as the Industrial Commission does not exercise a judicial function when it determines, pursuant to Section 35, the recovery for employees who are injured as a result of negligence, recklessness, or other cause, the same is true when the commission determines the recovery for employees who are injured by more egregious conduct of an employer that falls short of deliberate intent.

{¶ 91} In addition, R.C. 2745.01 does not attempt to remove from the courts the power to adjudicate claims of employer intentional torts. The courts retain the ability to handle such claims.

{¶ 92} Accordingly, we answer the sixth certified question in the negative and hold that R.C. 2745.01, as enacted by Am.H.B. No. 498, effective April 7, 2005, does not violate the separation-of-powers doctrine.

### III. Conclusion

{¶ 93} As we noted in *Groch*, 117 Ohio St.3d 192, 2008-Ohio-546, 883 N.E.2d 377, ¶ 212, "It is not this court's role to establish legislative policies or to second-guess the General Assembly's policy choices. '[T]he General Assembly is responsible for weighing [policy] concerns and making policy decisions; we are charged with evaluating the constitutionality of their choices. * * * Using a *highly deferential* standard of review appropriate to a *facial challenge* to these statutes, we conclude that the General Assembly has responded to our previous decisions and has created constitutionally permissible limitations.' (Emphasis sic.) *Arbino*, 116 Ohio St.3d 468, 2007-Ohio-6948, 880 N.E.2d 420, ¶ 113."

{¶ 94} In enacting R.C. 2745.01, the General Assembly has not exceeded its authority to change the common law in the area of employer intentional torts. Accordingly, we must uphold the constitutionality of the statute. In conclusion, we answer the eight certified questions as follows:

{¶ 95} In response to questions one through six: R.C. 2745.01, as enacted by Am.H.B. No. 498, effective April 7, 2005, does not violate the Ohio Constitution's trial-by-jury provision, the right-to-a-remedy and open-courts provisions, the due-course-of-law provision, the equal protection provision, or the separation-of-powers doctrine and is therefore constitutional on its face.

{¶ 96} In response to question seven: R.C. 2745.01, as enacted by Am.H.B. No. 498, effective April 7, 2005, does not conflict with the legislative authority granted to the General Assembly by Sections 34 and 35, Article II of the Ohio Constitution.

{¶ 97} In response to question eight: R.C. 2745.01, as enacted by Am.H.B. No. 498, effective April 7, 2005, does not eliminate the common-law cause of action for an employer intentional tort.

So answered.

MOYER, C.J., and LUNDBERG STRATTON, O'DONNELL, and LANZINGER, JJ., concur.

O'CONNOR, J., concurs in the answers only.

PFEIFER, J., dissents.

_____

**PFEIFER, J., dissenting.**

{¶ 98} I dissent from the majority opinion for the reasons stated in my dissent in *Kaminski v. Metal & Wire Prods. Co.,* 125 Ohio St.3d 250, 2010-Ohio-1027, ___ N.E.2d ___. Additionally, I would hold that R.C. 2745.01 restricts employees' constitutional rights to a remedy and to open courts. Section 16, Article I of the Ohio Constitution provides, "All courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay."

{¶ 99} R.C. 2745.01 purports to grant employees the right to bring intentional-tort actions against their employers, but in reality defines the cause of action into oblivion. An employee may recover damages under the statute only if his employer deliberately intends to harm him. It is difficult to conjure a scenario where such a deliberate act would not constitute a crime. Are we to believe that criminally psychotic employers are really a problem that requires legislation in Ohio?

{¶ 100} No, the purpose of R.C. 2745.01 is to take away the right of Ohio workers to seek damages for their employers' intentional acts. As set forth by this court in *Fyffe v. Jeno's, Inc.* (1991), 59 Ohio St.3d 115, 570 N.E.2d 1108, paragraphs one and two of the syllabus, to recover damages for a workplace intentional tort, a plaintiff must prove that an employer knew of a dangerous situation in the workplace but forced an employee to encounter that danger knowing that an injury to the employee was substantially certain to result. The ability to successfully prosecute a workplace intentional-tort claim was dependent upon an extraordinary set of facts that took the employer-employee relationship outside the norm contemplated by Ohio's workers' compensation statutes. Now, an employee no longer has a remedy for such an injury.

{¶ 101} The majority acknowledges that this court found fault with former R.C. 2745.01 in *Johnson v. BP Chems., Inc.* (1999), 85 Ohio St.3d 298, 707 N.E.2d 1107, but asserts that the current version of R.C. 2745.01 "eliminate[s] many of the features identified by this court as unreasonable, onerous, and excessive." The central fact is that both versions render a workplace intentional-tort claim illusory. Both versions eliminate a meaningful remedy for injured workers in egregious cases. Both eliminate an employee's right to seek damages, including punitive damages, in a court of law. And both remove an important check on employer behavior. Former R.C. 2745.01 is as distinguishable from the current version as a pig with lipstick is distinguishable

from a pig without; that one version is cosmetically different from the other is irrelevant.

{¶ 102} The majority answers the eighth certified question—"Does R.C. §2745.01, as enacted by House Bill 498, effective April 7, 2005, do away with the common law cause of action for employer intentional tort?"—in the negative. My question is, "What's left?"

_____

Barkan & Robon, Ltd., Joseph R. Deitz Jr., R. Ethan Davis, and James M. Tuschman, for petitioners.

Eastman & Smith, Ltd., Margaret Mattimoe Sturgeon, Robert J. Gilmer Jr., and Sarah E. Pawlicki, for respondents.

Richard Cordray, Attorney General, Benjamin C. Mizer, Solicitor General, Elisabeth A. Long, Deputy Solicitor, and Robert X. Eskridge and Sharon A. Jennings, Assistant Attorneys General, in support of respondents for amicus curiae Attorney General of Ohio.

Bricker & Eckler, L.L.P., Kurtis A. Tunnell, Anne Marie Sferra, and Vladimir P. Belo, in support of respondents for amici curiae American Insurance Association and Property Casualty Insurers Association of America.

Porter, Wright, Morris & Arthur, L.L.P., Joseph W. Ryan Jr., and Daniel B. Miller; and Oppenheimer, Wolff & Donnelly, L.L.P., and Mark S. Olson, in support of respondents for amicus curiae International Association of Defense Counsel.

Garvin & Hickey, L.L.C., Preston J. Garvin, and Michael J. Hickey; Bricker & Eckler, L.L.P., and Thomas R. Sant; and Vorys, Sater, Seymour & Pease, L.L.P., and Robert A. Minor, in support of respondents for amici curiae Ohio Chamber of Commerce, Ohio Chapter of the National Federation of Independent Business, and Ohio Self-Insurers Association.

Vorys, Sater, Seymour & Pease, L.L.P., Richard D. Schuster, Michael J. Hendershot, Kristi K. Wilhelmy, and Benjamin A. Shepler, in support of respondents for amicus curiae Ohio Council of Retail Merchants.

_____