Pfeifer, J.,
dissenting.
I
{¶ 30} The majority opinion is wrong. The majority states that “R.C. 2745.01 limits claims against employers for intentional torts to circumstances demonstrat *499 ing a deliberate intent to cause injury to an employee,” majority opinion at ¶ 29, and frames the issue in this case as whether ThyssenKrupp Materials N.A., Inc. (“ThyssenKrupp”) deliberately intended to injure Bruce Houdek. But R.C. 2745.01 does not limit intentional-tort claims against employers to “circumstances demonstrating a deliberate intent to cause injury to an employee.” Pursuant to R.C. 2745.01(C), “[djeliberate removal by an employer of an equipment safety guard * * * creates a rebuttable presumption that the removal * * * was committed with intent to injure another if an injury * * * occurs as a direct result.” Only the removal of the safety equipment needs to be deliberate under the statute; if the injury flows from the removal of safety equipment, an injured worker needs to prove nothing further as to the employer’s intent to successfully prosecute an intentional-tort claim against the employer. The worker need not prove that the employer was trying to hurt him — intent is presumed by the removal of safety equipment. That is, the safety equipment must be deliberately removed but the injury need not be deliberately caused for an injured worker to recover pursuant to R.C. 2745.01(C). The majority thus overstates the ruthlessness of R.C. 2745.01.
{¶ 31} R.C. 2745.01(A) presents two ways for an injured worker to successfully prosecute a workplace intentional-tort claim. An employer can be held liable for damages if (1) “the plaintiff proves that the employer committed the tortious act with the intent to injure another” or (2) “the plaintiff proves that the employer committed the tortious act * * * with the belief that the injury was substantially certain to occur.” R.C. 2745.01(B) applies only to the “substantially certain” portion of R.C. 2745.01(A); it uses the term “deliberate intent” as part of the definition of “substantially certain.” It reads: “As used in this section, ‘substantially certain’ means that an employer acts with deliberate intent to cause an employee to suffer an injury, a disease, a condition, or death.” R.C. 2745.01(B).
{¶ 32} Thus, when adding the definition of “substantially certain” to the mix, R.C. 2745.01(A) states that an employer can be held liable for an intentional tort if the employer acted with an “intent to injure” or with a “deliberate intent to cause * * * an injury.”
{¶ 33} An intent to injure can be inferred from the facts and circumstances of a particular case; otherwise, an injured worker would be dependent on an employer’s confession to make his case. Again, R.C. 2745.01(C) states that an intent to injure can be inferred from the “[djeliberate removal * * * of an equipment safety guard.” In this case, the employer’s intent to injure could also be inferred from its behavior in sending an already injured Houdek into a dimly lit, narrow, dead-end aisle where a sideloader would be likely to enter, knowing that it was a dangerous situation. Houdek presented enough evidence that a trier of fact could determine that ThyssenKrupp intended to injure him.
*500 {¶ 34} Also, the “[deliberate removal * * * of an equipment safety guard” in R.C. 2745.01(C) should include the failure to deploy safety equipment that the employer has on site. For example, in this case, the employer’s failure to place a safety cone at the entrance to the aisle in which Houdek was working should satisfy R.C. 2745.01(C). “ ‘[Equipment safety guard’ has a simple meaning: equipment that is used as a safety guard.” Hewitt v. L.E. Myers Co., 134 Ohio St.3d 199, 2012-Ohio-5317, 981 N.E.2d 795, ¶ 36 (Pfeifer, J., dissenting). Safety cones fit within that definition.
II
{¶ 35} Houdek raised several arguments that, if adopted by the majority, would go a long way toward demonstrating that injured workers still have a right to a remedy for workplace intentional torts. The majority does not, and workers, for the most part, do not. The appellate court below quoted at length from my dissent in Stetter v. R.J. Corman Derailment Servs., L.L.C., 125 Ohio St.3d 280, 2010-Ohio-1029, 927 N.E.2d 1092, in which I lamented the extinguishment of injured workers’ right to a remedy for workplace intentional torts. The court wrote, “The appellant * * * lost his leg, lost his job, and will lose his right to fan-recompense, if Justice [Pfeifer’s] prediction about the most recent version of R.C. 2745.01 is the correct one.” Houdek v. ThyssenKrupp Materials N.A., Inc., 8th Dist. No. 95399, 2011-Ohio-1694, 2011 WL 1326374, ¶ 1. The court below chose to believe that recovery could still exist for an injured worker like Houdek:
Does [R.C. 2745.01] constrain common law employer tort as the Kaminski [v. Metal & Wire Prods. Co., 125 Ohio St.3d 250, 2010-Ohio-1027, 927 N.E.2d 1066,] majority holds, or does it, as Justice Pfeifer predicts, abolish it? Taking the majority at its written word, we find merit to Houdek’s appeal and reverse the trial court’s judgment granting summary judgment in favor of Krupp and against both Houdek and the BWC. If the facts and circumstances of this case do not present genuine issues of material fact as to the existence of an employer tort, then none shall.
Id. at ¶ 38.
{¶ 36} I suppose that “none shall.” The court below also wrote what the consequences would be if my dire evaluation of the law was indeed correct:
As a cautionary note, if Justice Pfeifer is correct, Ohio employees who are sent in harm’s way and conduct themselves in accordance with the specific directives of their employers, if injured, may be discarded as if they were broken machinery to then become wards of the Workers’ *501 Compensation Fund. Such a policy would spread the risk of such employer conduct to all of Ohio’s employers, those for whom worker safety is a paramount concern and those for whom it is not. So much for “personal responsibility” in the brave, new world of corporations are real persons.
Friedman, Domiano & Smith Co., L.P.A., Stephen S. Vanek, David R. Grant, and Jeffrey H. Friedman; and Smith & Condeni, L.L.P., Joseph A. Condeni, and Stacey Walley, for appellee.
Reminger Co., L.P.A., Gregory G. Guice, Clifford C. Masch, and Brian D. Sullivan, for appellant.
Tucker Ellis, L.L.P., and Benjamin C. Sassé, urging reversal for amicus curiae Ohio Association of Civil Trial Attorneys.
Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy, and Marc J. Jaffy, urging affirmance for amicus curiae Ohio AFL-CIO.
Gallon, Takacs, Boissoneault & Schaffer Co., L.P.A., Theodore A. Bowman, and Jonathan M. Ashton, urging affirmance for amici curiae Ohio Conference of Teamsters and Teamsters Local 20.
Paul W. Flowers Co., L.P.A., and Paul W. Flowers, urging affirmance for amicus curiae Ohio Association for Justice.
Id. at ¶ 39.
{¶ 37} More’s the pity.