Kennedy, J.,
concurring in part and dissenting in part.
{¶ 27} I reluctantly agree that it might be possible under Sampson v. Cuyahoga Metro. Hous. Auth., 131 Ohio St.3d 418, 2012-Ohio-570, 966 N.E.2d 247, for Lisa Vacha to show that her intentional-tort claim is causally related to her employment relationship with the city, which would mean that the exception to political-subdivision immunity under R.C. 2744.09(B) is applicable. However, even if there is a causal connection and immunity does not apply, Vacha will have to prove her intentional-tort claim against the city. Remanding this cause to *207 determine whether immunity applies is a vain act because there is no evidence that the city acted with deliberate intent to harm Vacha. For that reason, I would dismiss her complaint for failing to establish a claim upon which relief can be granted. Therefore, I respectfully concur in part and dissent in part.
{¶ 28} In the city’s appeal from the trial court’s denial of its motion for summary judgment, the city argued that R.C. 2745.01, the employer-intentional-tort statute, should be applied in determining whether Vacha had established an employer-intentional-tort claim. The court of appeals declined to apply R.C. 2745.01 because the city had not mentioned that statute in its motion for summary judgment. 2011-Ohio-2446, 2011 WL 1992041, at ¶ 17. Instead, the court of appeals affirmed the trial court’s holding that there was a genuine issue of material fact as to whether the city had committed an intentional tort under Fyffe v. Jeno’s Inc., 59 Ohio St.3d 115, 570 N.E.2d 1108 (1991), reasoning that the trial court had had no authority to grant summary judgment on a ground that the city had failed to raise. 2011-Ohio-2446, 2011 WL 1992041, at ¶ 15,17.
{¶ 29} Fyffe espoused a common-law rule whereby an employee could recover in an employer-intentional-tort case if the employee demonstrated that the employer had knowledge of a dangerous working condition and yet required the employee to perform his or her work anyway, knowing with substantial certainty that the employee would be harmed. Fyffe at paragraphs one and two of the syllabus. Fyffe required a plaintiff to prove that the employer knew that injuries to employees were “ ‘certain or substantially certain to result.’ ” (Emphasis added.) Englund v. Wendy’s Internatl, Inc., 6th Dist. Lucas No. L-95-229,1996 WL 199167, *3 (Apr. 26, 1996), quoting Fyffe at paragraph two of the syllabus.
{¶ 30} In 2005, the General Assembly codified the requirements for employer-intentional-tort claims in R.C. 2745.01. By enacting R.C. 2745.01, the General Assembly intended to “ ‘significantly curtail an employee’s access to common-law damages for what we will call a “substantially certain” employer intentional tort.’ ” Houdek v. ThyssenKrupp Materials N.A., Inc., 134 Ohio St.3d 491, 2012-Ohio-5685, 983 N.E.2d 1253, ¶ 23, quoting Stetter v. R.J. Corman Derailment Servs., L.L.C., 125 Ohio St.3d 280, 2010-Ohio-1029, 927 N.E.2d 1092, ¶27. R.C. 2745.01 “ ‘permit[s] recovery for employer intentional torts only when an employer acts with specific intent to cause injury.’ ” Id. at ¶ 23, quoting Kaminski v. Metal & Wire Prods. Co., 125 Ohio St.3d 250, 2010-Ohio-1027, 927 N.E.2d 1066, ¶ 56. Accordingly, “absent a deliberate intent to injure another, an employer is not liable for a claim alleging an employer intentional tort.” (Emphasis added.) Id. at ¶ 25.
{¶ 31} To the extent that Fyffe espouses a “substantially certain” employer intentional tort, it is no longer good law. Applying the common-law definition of intentional tort espoused in Fyffe will create a substantial injustice to the city by *208 providing Vacha with a lower threshold of proof than is required by R.C. 2745.01. Therefore, I would apply R.C. 2745.01 as interpreted in Houdek and require that Vacha prove that the city acted with deliberate intent to injure her.
{¶ 32} David Gillock, the mayor of North Ridgeville, told Ralston about the entry-level job opening for a helper at the French Creek water-treatment plant. Gillock asked Don Daley, the superintendent of the plant, to interview Ralston for the position. At the time, the mayor was aware that his daughter had called the police on Ralston twice for domestic violence, but in his deposition, he testified that she had not pressed charges regarding either incident. The city’s employment application asked, “Since your 18th birthday, have you ever pled guilty to, or been found guilty of any offense other than minor traffic offenses.” Daley admitted that when he interviewed Ralston, he did not ask him whether he had a criminal record. The city did not conduct background checks for entry-level positions.
{¶ 33} Although it may be prudent for an employer to conduct a criminal-background check for all employment applicants, it is not required by law. Rozzi v. Star Personnel Servs., Inc., 12th Dist. Butler No. CA2006-07-162, 2007-Ohio-2555, 2007 WL 1531427, ¶ 11. Nevertheless, the discovery of a job applicant’s violent criminal history could make it foreseeable to the employer that the employee has a propensity for violence, and if the applicant is hired anyway and then injures someone while on the job, the victim may have grounds to support a negligent-hiring claim. Id. at ¶ 13.
{¶ 34} When the city hired Charles Ralston, he had no felony convictions, but he did have several misdemeanor convictions for domestic violence and one for assault. While this evidence, combined with the mayor’s knowledge of Ralston’s history, might be sufficient to raise a genuine issue of material fact as to whether Ralston had a propensity for violence that the city knew or should have known about, possibly supporting a claim against the city for negligent, or maybe even reckless, hiring and/or supervision (claims that are barred by workers’ compensation law), I would hold that it is insufficient as a matter of law to support a claim that the city acted with deliberate intent to injure Vacha. Houdek, 134 Ohio St.3d 491, 2012-Ohio-5685, 983 N.E.2d 1253, at ¶ 29. Consequently, remanding this case for consideration whether immunity applies is a vain act. See State ex rel Kinnear Div., Harsco Corp. v. Indus. Comm., 77 Ohio St.3d 258, 263, 673 N.E.2d 1290 (1997). I would dismiss Vacha’s intentional-tort claim against the city.
{¶ 35} Accordingly, I respectfully concur in part and dissent in part.
O’Donnell, J., concurs in the foregoing opinion.
*209 John P. Hildebrand Co., L.P.A., and John Hildebrand Sr., for appellee.
Mazanec, Raskin & Ryder Co., L.P.A., John T. McLandrich, James A. Climer, and Frank H. Scialdone, for appellant.
Ice Miller, L.L.P., Stephen L. Byron, Stephen J. Smith, and Chris W. Michael; and John Gotherman, urging reversal for amicus curiae Ohio Municipal League.
Giorgianni Law, L.L.C., and Paul Giorgianni, urging affirmance for amicus curiae Ohio Association for Justice.